**In the Matter of D.T.C.**

No. 14–99–00251–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 14, 2000.

Rehearing Overruled Nov. 9, 2000.

44

William B. Connolly, Houston, for appellants.

Carmen Castillo Mitchell, Houston, for appellees.

Panel consists of Justices YATES, FOWLER and FROST.

## O P I N I O N

LESLIE BROCK YATES, Justice.

Appellant, D.T.C., appeals from an adjudication of juvenile delinquency for the offense of aggravated sexual assault. In six issues for review, appellant complains of several evidentiary rulings by the trial court and the legal and factual sufficiency of the evidence. We affirm the judgment of the trial court.

### HEARSAY STATEMENT

In his first issue for review, appellant claims that the trial court erred in admitting the complainant's hearsay statements into evidence. At trial, Kathy Powell, the complainant's mother was allowed to testi-

fy concerning what A.P., the complainant, had told her concerning appellant's actions.

■ Generally, hearsay statements are inadmissable. *See* TEX.R. EVID. 802. However, the legislature has carved out an exception to the general rule for statements made by a child alleging sexual assault. *See* TEX. FAM.CODE ANN. § 54.031 (Vernon 1996). Section 54.031(c)· requires the party intending to use the child's statement to give notice prior to trial of intent to use the statement, including a written summary of the statement. *See* TEX. FAM. CODE ANN. § 54.031(c)(1)(C).

■ As a threshold matter, we must address whether appellant's complaint was preserved for our review. As a prerequisite to presenting a complaint on appeal, the appellant must make a timely and specific objection to the trial court. *See* TEX. R.APP. P. 33.1(a)(1); *In the Matter of T.R.S.*, 931 S.W.2d 756, 758 (Tex.App.— Waco 1996, no writ). An objection at trial not comporting with the complaint on appeal does not preserve error for appellate review. *See Dixon v. State*, 2 S.W.3d 263, 273 (Tex.Crim.App.1998) (citing *Broxton v. State*, 909 S.W.2d 912, 918 (Tex.Crim.App. 1995)). Instead, an objection must draw the court's attention to the particular complaint raised on appeal. *See* TEX.R.APP. P. 33.1(a)(1)(A); *Little v. State*, 758 S.W.2d 551, 564 (Tex.Crim.App.1988).

■ At trial, appellant objected to the use of the hearsay statement because the State's written summary in its notice of intent to use the child's statement did not indicate when the alleged acts occurred. The trial court overruled the objection after the State noted that the written summary in the notice complied with the statutory requirements.

On appeal, appellant complains of the trial court's finding that the child's statement was reliable based on the time, content, and circumstances of the statement. *See* TEX. FAM.CODE ANN. § 54.031(c)(2). However, appellant did not lodge any objection as to the trial court's findings.

Rather, his sole objection was to the written summary contained in the State's notice. Accordingly, appellant's issue on appeal does not comport with his objection at trial and is waived. We overrule appellant's first issue for review.

## VICTIM WITNESS VOLUNTEER

Appellant complains in his second issue for review that the trial court erred in allowing a Youth Victim Witness volunteer to stand by the complainant while she testified. Appellant claims that the volunteer's presence bolstered the complainant's credibility and denied appellant due process. Appellant further claims that prior to allowing the volunteer to stand by the child, the trial court should have made a finding of necessity.

■ The Code of Criminal Procedure provides that in ordering a child who is a victim of a sexual offense to testify, the trial court *"shall take all reasonable steps necessary and available* to minimize undue psychological trauma to the child and to minimize the emotional and physical stress to the child caused by relevant factors, including the confrontation with the defendant and the ordinary participation of the complainant in the courtroom." *See* TEX. CODE CRIM. PROC. ANN. art. 38.071, § 10 (Vernon Pamph.2000)(emphasis added). The trial court is not required under this section to make a finding of necessity.

The Texarkana Court of Appeals was confronted with a similar issue in *Conrad v. State,* 10 S.W.3d 43 (Tex.App.—Texarkana 1999). In *Conrad,* a child complainant's mother was permitted to stand next to him in the courtroom while he testified in an aggravated sexual assault case. *See*

*id.* at 46. On appeal, Conrad asserted that the trial court's actions bolstered the witness's credibility. The Texarkana Court concluded that the "court simply took the reasonable steps that were necessary to minimize the trauma facing [the complainant], which is allowed under Article 38.071 § 10." *Id.* at 47.

■ As in *Conrad,* we find the presence of the volunteer was a discretionary, reasonable step to help minimize the trauma of testifying. *See also, Sperling v. State,* 924 S.W.2d 722, 726 (Tex.App.—Amarillo 1996, pet. ref'd.)(finding that allowing child-victim to retain teddy bear while testifying was permissible under art.38.071 § 10).

■ We turn now to appellant's complaint that the trial court was required to make a finding of necessity prior to allowing the volunteer to stand with the complainant. As noted above, article 38.071, section 10 does not require the trial court to make such a finding. In support of his argument that a finding of necessity was required, appellant cites to article 38.071, section 3(a) of the Code of Criminal Procedure which allows a child-witness to testify via closed-circuit television. *See* TEX.CODE CRIM. PROC. ANN. art. 38.071, section 3(a) (Vernon Pamph.2000). Appellant argues that the procedural due process safeguards found in article 38.071, section 3(a) should apply in this case. Because the complainant testified in open court, article 38.071, section 3(a) is inapplicable to this case.[1] Regardless, article 38.071, section 3(a) does not provide the safeguard appellant suggests. Appellant asserts that section 3(a) requires the State to present evidence

---

1. Article 38.071, Section 3(a) provides as follows in pertinent part:

On its own motion or the motion of the attorney representing the state or the attorney representing the defendant, the court may order that the testimony of the child be taken during the trial in a room other than the courtroom and be televised by closed circuit equipment in the courtroom to be viewed by the court and the finder of fact.

To the extent practicable, only the judge, the court reporter, the attorneys for the defendant and for the state, persons necessary to operate the equipment, and any person whose presence would contribute to the welfare and well-being of the child may be present in the room with the child during his testimony. . . .

TEX.CODE CRIM. PROC. ANN. art. 38.071 § 3(a) (Vernon Pamph.2000).

to show the volunteer's presence was necessary to protect the well-being of the child witness. There is no such requirement in the statute. *See id.* Rather, article 38.071, section 3(a) provides "any person whose presence would contribute to the welfare and well-being of the child may be present in the room with the child during [her] testimony." *See id.* If anything, the statute cited by appellant supports the presence of the volunteer while the complainant testified.

■ Appellant also cites to *Maryland v. Craig,* 497 U.S. 836, 110 S.Ct. 3157, 111 L.Ed.2d 666 (1990). Like article 38.071, section 3, *Craig* addresses the use of closed circuit televisions in cases involving child-witnesses. The *Craig* court held that "if the State makes an adequate showing of necessity, the state interest in protecting child witnesses from the trauma of testifying in a child abuse case is sufficiently important to justify the use of a special procedure that permits the child in such cases to testify at trial against the defendant in the absence of face-to-face confrontation with the defendant." 110 S.Ct. 3168–69. Here, because appellant was not denied his right to a face-to-face confrontation with the witness, the Supreme Court's analysis in *Craig* is not applicable.[2] In any event, appellant has not shown how he was harmed by the presence of the volunteer. The complainant testified under oath, in the courtroom, and was subject to cross-examination. Furthermore, the record does not reflect where the volunteer stood, or what actions, if any, the volunteer took while in the courtroom. And, although appellant maintains he was denied a fair trial and prevented from cross-examining the child-witness, he offers no explanation in support of this conclusion.

Appellant's second issue for review is overruled.

## VIDEOTAPE TESTIMONY OF THE COMPLAINANT

After the complainant testified, a tape of her talking to a specialized interviewer from the Children's Assessment Center was admitted into evidence and shown to the jury. Appellant complains in his third issue for review that the trial court erred in allowing the videotape into evidence.

At trial, appellant objected to the admission of the videotape asserting that it was cumulative, its prejudicial nature outweighed its probative value, and that appellant's right to confrontation was violated because he was not able to cross-examine the complainant when the tape was made. *See* U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; and TEX.R. EVID. 403.

■ Appellant raises several complaints relative to the videotape which do not comport with his objections at trial. First, appellant complains the trial court did not make a finding that the complainant was unavailable before the videotape was admitted. Second, he contends the trial court did not view the videotape prior to ruling on its admissibility. Third, he alleges the complainant was not sworn on the videotape and was not determined to be competent to testify. Since appellant's complaints on appeal do not comport with his objection at trial, we find that appellant has not properly preserved these issues for appellate review. *See* TEX.R.APP. P. 33.1.

2. We note, however, that other courts of appeals have utilized the *Craig* analysis in determining whether the trial court erred in permitting a third-party to accompany the complainant on the witness stand. *See e.g., Carmona v. State,* 880 S.W.2d 227, 232–34 (Tex.App.—Austin 1994), *vacated & remanded on other grounds,* 941 S.W.2d 949 (Tex.Crim. App.1997). *See also, Conrad v. State,* 10 S.W.3d 43, 47 (Tex.App.—Texarkana 1999, no pet.)(concluding that allowing victim's mother to stand with him while he testified was a reasonable step under article 38.071 section 10, and that the procedural modification was necessary to further an important state interest under the *Craig* test).

■ Appellant does, however, raise other complaints concerning the videotape which comport with his trial objections. Appellant complains that the videotape was cumulative and its prejudicial nature outweighed its probative value. While this complaint comports with his objection at trial, we find that appellant does nothing more in his brief than simply assert that the videotape was cumulative and prejudicial. Appellant does not support his position with any argument for the contentions made as required by the rules of appellate procedure. *See* Tex.R.App. P. 38.1(h). Accordingly, appellant's complaint based on Rule 403 of the Texas Rules of Evidence is waived. *See Vickery v. Commission for Lawyer Discipline*, 5 S.W.3d 241, 266 (Tex.App.—Houston [14th Dist.] 1999, pet. denied).

Finally, appellant complains that the introduction of the videotape denied his right of cross-examination. He asserts that article 38.071 § 5 affords him the opportunity to cross-examine the complainant on the videotape. *See* Tex.Code Crim. Proc. Ann. art. 38.071 § 5 (Vernon Pamph. 2000).

■ Article 38.071 section 5(b) provides the procedure an attorney representing a defendant must follow to be allowed an opportunity to cross-examine the child on videotape. *See* Tex.Code Crim. Proc. Ann. art. 38.071 § 5(b). Section 5(b) requires that the defendant's attorney file a motion with the trial court requesting to cross-examine the child on videotape. *See id.* The record does not indicate that appellant, or his trial counsel, filed such a motion. Appellant is therefore precluded from raising this complaint on appeal.

Appellant's third issue for review is overruled.

## VIOLATION OF "THE RULE"

In his fourth issue for review, appellant contends the trial court erred in excluding three of his witnesses because of their violation of the rule of sequestration. Specifically, he claims the trial court was required to make a determination of harm prior to excluding his witnesses's testimony.

■ Texas Rule of Evidence 614 and Texas Rule of Civil Procedure 267 (commonly referred to as "the rule") provide for the exclusion of witnesses from the courtroom during trial. *See* Tex.R. Evid. 614; Tex.R. Civ. P. 267. The purpose of the rule is to minimize witnesses' tailoring their testimony in response to that of other witnesses and to prevent collusion among witnesses testifying for the same side. *See Drilex Sys., Inc. v. Flores*, 1 S.W.3d 112, 116 (Tex.1999). When the rule is violated, the trial court may allow the testimony of the potential witness, exclude the testimony, or hold the violator in contempt. *See id.* at 117. Citing no authority, appellant asserts the trial court, in determining what sanction to impose, should ascertain whether the testimony to be proffered by the witnesses was within the purview of what was heard in violation of the rule. This, however, is not the proper standard of review; we review the trial court's action for abuse of discretion. *See id.* at 117–18.

■ At the beginning of trial, appellant's trial counsel invoked the rule. The witnesses were sworn and admonished by the court that they could not remain in the courtroom or converse with one another. While Kathy Powell, the complainant's mother, was testifying, the trial court was made aware that witnesses were in the courtroom. During appellant's case-in-chief, he attempted to call three witnesses and, after determining that each of the three witnesses had violated the rule, the trial court did not permit them to testify.

Despite the trial court's strong admonishment to the witnesses regarding the requirements of the rule and the consequences of its violation,[3] the witnesses did

---

**3.** The trial court admonished the witnesses as follows:

not follow the trial court's instructions and the court imposed the consequence it had warned of. Under these facts, we do not perceive an abuse of discretion. Appellant's fourth issue for review is overruled.

## LEGAL SUFFICIENCY OF THE EVIDENCE

In his fifth issue for review, appellant complains the evidence is legally insufficient to support his adjudication of delinquency. In reviewing the evidence for legal sufficiency, "we must view the evidence as a whole to determine whether the State met its burden of proof beyond a reasonable doubt." *In the Matter of G.M.P.*, 909 S.W.2d 198, 202 (Tex.App.— Houston [14th Dist.] 1995, no writ). Resolution of conflicts and contradictions in the evidence is left for the trier of fact. *See id.* at 203. The jury is the sole judge of the credibility of witnesses and the weight to be given their testimony. *See id.* The jury is free to believe some witnesses but not others, and accept some portions of testimony but reject others. *See id.* As a reviewing court, we only ensure the jury reached a rational decision. *See id.*

The evidence at trial showed that eight-year old A.P. was at her mother's apartment with appellant one day in October, 1997, while her mother was at work. Appellant locked the complainant's brothers outside. In the living room, appellant raised A.P.'s dress, pulled down her panties, unzipped his jeans and put his "middle part" in her "middle part." Appellant told A.P. he would kill her if she told anyone.

On the night of January 1, 1998, A.P. was staying at her grandmother's home. Appellant was also staying there, along with other male relatives. A.P. was sleeping downstairs on the living room floor, while everyone else in the house was sleep-

ing upstairs. Appellant came downstairs with a "nasty book," which contained pictures of naked people, and showed it to A.P. A.P. fell asleep while appellant was on the couch. She felt someone get on top of her and felt pressure in her "butt." A.P. did not open her eyes or talk to anyone during the assault. She believed it was appellant who assaulted her because he had shown her the "nasty book" and because no one else had come downstairs. When A.P. woke up, the book was beside her, her t-shirt was raised, and her panties were down at her knees. She saw appellant run up the stairs. The next morning her bottom hurt and, later that day, she "pooped" on herself.

On February 24, 1998, A.P. told her mother, Kathy Powell, that appellant had "messed with her." A.P. told Powell that appellant had "got on top of her and put his winky into her bootie" while she was staying at her grandmother's house. Powell understood A.P. to mean appellant had put his penis into her anus. A.P. also told her mother that appellant had previously "put his winky into her front part" at Powell's apartment. Powell understood that to mean appellant put his penis in A.P.'s vagina.

A.P. was examined at the Children's Assessment Center. Though she was subjected to vaginal and anal intercourse for what she claimed was twenty minutes, there was no physical evidence that she had been sexually abused. However, Natalie McClain, who is a pediatric nurse practitioner from the Children's Assessment Center, testified that the majority of sexually abused children show no physical signs of abuse due to the elasticity of the vagina and anus. The record of A.P.'s exam at the Children's Assessment Center shows that A.P. indicated that appellant only touched her with his hands.

Listen Carefully. All the witnesses who were sworn earlier, are you listening? The rule has been invoked. That means you cannot from this moment on discuss your testimony in this case with each other or with anyone else except the attorneys. . . .

If you violate the rule, you can be fined and put in jail and you will not be allowed to testify. Does everybody understand the rule thoroughly? Good, wait for us in the hallway.

Testimony at trial also showed that A.P. was an emotionally disturbed child with poor social skills. She had a history of lying and at times was suicidal. She was on several types of medication which sometimes caused her to hallucinate. Appellant testified that he did not commit the acts he was accused of committing.

Although there were conflicts in the evidence, they do not render the evidence insufficient but only go to the weight and credibility of the evidence. Because it is within the province of the jury to resolve such conflicts, we find, when viewed as a whole, that the State presented legally sufficient evidence to support the jury's finding that appellant sexually assaulted A.P. Accordingly, appellant's fifth issue is overruled.

## FACTUAL SUFFICIENCY OF THE EVIDENCE

In his sixth issue for review, appellant complains the evidence is factually insufficient to support his delinquency adjudication. As a prerequisite to raising a factual sufficiency challenge on appeal in a juvenile case, appellant must first file a motion for new trial challenging the factual sufficiency of the evidence. *See* TEX. FAM. CODE ANN. § 51.17(a) (Vernon 1996 & Supp.2000); TEX.R. CIV. P. 324(b)(2); *In the Matter of M.R.*, 858 S.W.2d 365, 366 (Tex.1993). Because appellant did not file a motion for new trial, nothing is presented for our review and the appellant's sixth issue for review is overruled.

The judgment of the trial court is affirmed.