Affirmed and Opinion filed June 27, 2002









Affirmed
and Opinion filed June 27, 2002.

 

 

 

 

 

 

 

 

                                                                              

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-01-00811-CR

____________

 

ROZELE EUGENE BOSTON,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 230th District Court

Harris County, Texas

Trial
Court Cause No. 865,289

 



 

O
P I N I O N

Appellant, Rozele Eugene Boston, was convicted of aggravated sexual
assault and sentenced to 80 years in prison and a $1 fine.  In his two points of error, appellant argues
the evidence is legally and factually insufficient to establish sexual assault.
 








Complainant, an
85-year old woman, testified that she woke up in the early morning hours of
August 21, 2000 to find an unknown male in her bathroom who said he was looking
for money.  When complainant told him she
had no money, he replied, AYou
just well get yourself fixed for being raped,@ and knocked her to the
floor. Complainant was rendered unconscious, but not before she activated her
Lifeline alert button.  Alerted by the
Lifeline call, complainant=s
son went to her house, where he found her on the floor with her gown pulled up,
both legs covered in blood. 

In investigating the
scene, Houston police detectives found a pair of bloodstained men=s shorts containing a note
and a wallet with appellant=s
identification. The bloodstains matched appellant=s DNA and the note had
appellant=s
partial fingerprint on it.  A black
sports logo shirt was also found at the scene. 
Appellant=s
girlfriend identified the shorts and shirt as those appellant had been wearing
earlier that day.

Appellant was
arrested later that morning for public intoxication.  The arresting officer took appellant=s clothing, which included
underwear with four bloodstains on it. 
The bloodstains were matched to both appellant=s and complainant=s DNA, including a
bloodstain located on the interior crotch area. 


At the hospital, an
emergency room physician examined complainant and diagnosed a subdural hematoma.   The physician
testified that it is common for people with subdural hematomas not to remember how they received the
injury.  A few hours later during a
sexual assault examination, a nurse noted a fresh purplish bruise on the
exterior of complainant=s
sexual organ, and other fresh bruises deeper down inside, visible only with a
speculum.  The nurse testified the
bruises were consistent with a sexual assault, but was unable to conclusively
state they were caused by penetration, as kicking or punching would have caused
a similar injury in a woman of the complainant=s age.  No semen was found in samples taken from
complainant during the examination. 
However, the nurse stated that because of the time lag between complainant=s arrival at the hospital
and her sexual assault examination, some physical evidence could have been
lost.   








Appellant=s sole complaint is that
there was insufficient evidence of penetration. 
We follow the
usual standards of review.  Wesbrook
v. State, 29 S.W.3d 103, 111 (Tex. Crim. App.
2000); King v. State, 29 S.W.3d 556, 563 (Tex. Crim.
App. 2000).  To
support a conviction of aggravated sexual assault, the State must prove
appellant intentionally or knowingly caused the penetration of the female
sexual organ of another person by any means, without that person=s consent, if the victim is
65 years of age or older.  Tex. Pen. Code Ann.
'' 22.021 (a) (1) (A),
(2)(C). 
Circumstantial evidence suffices to establish penetration even if the
victim does not testify explicitly that penetration did occur.  Villalon
v. State, 791 S.W.2d. 130, 133 (Tex. Crim. App.
1990); Jones v. State, 817 S.W.2d 854, 856-57 (Tex. App.CHouston
[1st Dist.] 1991, no pet.).  Courts have
found evidence legally and factually sufficient to support a conviction of
sexual assault absent physical proof of
penetration.  In the Matter of D.T.C.,
30 S.W.3d 43, 51(Tex. App.CHouston [14th Dist.] 2000, no pet.); Floyd v. State, 959 S.W.2d 706, 709
(Tex. App.CFort Worth 1998, no pet.). 

Appellant claims
there is not enough evidence to support the verdict because none of his semen
or sperm was found on the complainant, and the nurse could not definitively
state penetration was the cause of complainant=s injuries.  However, appellant=s shorts were found at
complainant=s
house after the assault occurred, and bloodstains with complainant=s DNA on them were found on
the interior crotch area of appellant=s
underwear.  The nurse testified that
complainant=s
injuries were consistent with those caused by penetration.  And
the complainant testified that appellant stated it was his intent to rape
her.  In evaluating the sufficiency of
the evidence, we will not intrude upon the jury=s role as the sole judge of the credibility of witness
testimony.  Wesbrook v. State, 29
S.W.3d 103, 112 (Tex. Crim. App. 2000).  A rational trier of
fact could find the essential elements of aggravated sexual assault beyond a
reasonable doubt, and proof of sexual assault is not so weak as to be
outweighed by the evidence to the contrary, nor does it undermine confidence in
the jury=s
determination of complainant=s credibility.  Appellant=s
two points of error are overruled, and the judgment is affirmed.  

 

 

/s/        Scott
Brister

Chief Justice








Judgment rendered and Opinion filed  June 27, 2002.

Panel consists of Chief Justice Brister and Justices Anderson and Frost.

Do Not Publish C
Tex. R. App. P. 47.3(b).