In re A.M.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-437-CV

IN THE MATTER OF A.M. 

------------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant, A.M., appeals the trial court’s order adjudicating him delinquent based on a home burglary and 
criminal mischief.  In four points, A.M. contends that (1) the trial court erroneously admitted statements made by alleged accomplices to nonparty witnesses; (2) the accomplice testimony tying him to the burglary was not sufficiently corroborated; (3) the trial court erroneously admitted testimony by the burglary victim’s son concerning an unrelated alleged crime; and (4) the evidence was insufficient to adjudicate him when the erroneously admitted evidence is disregarded.  We will affirm.

II.  Factual Background

The criminal mischief charges against A.M. arose from a December 16, 2001 BB gun shooting spree.  A.M. and three accomplices fired BBs at a school and a BMW automobile, causing damage.  On the night of the vandalism, A.M. and his accomplices bragged about their crime, and later A.M. separately told his friends A.W. and J.M. (the burglary victim’s son) about his various acts of vandalism.

The burglary of a habitation charges against A.M. arose from events that took place on the afternoon of February 14, 2002.  At that time, A.M. and several other juveniles burglarized the home of Mark Moncrief.  Three of A.M.’s accomplices to the burglary testified against him at the adjudication hearing. Their testimony was corroborated by (1) testimony from a neighbor who was an eyewitness to the burglary, (2) the fact that some of the items stolen were found in A.M.’s house within hours of the burglary,
(footnote: 2) and (3) evidence that A.M. attempted to witness tamper.

III.  Preservation of Error

In his first and third points, A.M. complains that the trial court erred by admitting statements by alleged accomplices to nonparty witnesses and testimony from the burglary victim’s son about an unrelated alleged crime.  The State asserts, however, that A.M. failed to preserve error concerning these points because his objections at trial do not comport with his arguments on appeal and because some of the evidence was admitted without objection.  We agree.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if they are not apparent from the context of the request, objection, or motion. 
 
Tex. R. App. P.
 33.1(a).  If a party fails to do this, error is not preserved, and the complaint is waived.  
See Bushell v. Dean
, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh'g).  Furthermore, error, if any, in admitting evidence is harmless if the same evidence appears elsewhere in the record.  
See Gee v. Liberty Mut. Fire Ins. Co.
, 765 S.W.2d 394, 396 (Tex. 1989).

With regard to the testimony of one of his accomplices, D.G., A.M. appears to contend that the trial court erred by admitting a police report containing a statement D.G. allegedly made to police placing A.M. at the scene of the December 16, 2001 BB shooting spree.
(footnote: 3)  But the police report was never offered or admitted into evidence.  Moreover, when the prosecutor attempted to read D.G.’s statement from the report in order to have D.G. confirm its truth, A.M. objected on the basis of improper impeachment.  The trial court overruled the objection, and D.G. answered that he did not think the statement in the police report was true.  Thus, A.M.’s appellate complaints concerning the police report do not comport with his trial objections. 
 
See G.T. Mgmt., Inc. v. Gonzalez
, 106 S.W.3d 880, 885 (Tex. App.—Dallas 2003, no pet.); 
In re D.T.C.
, 30 S.W.3d 43, 46-47 (Tex. App.—Houston [14
th
 Dist.] 2000, no pet.). Consequently, we may not address this complaint because it was waived.  
See D.T.C.
, 30 S.W.3d at 47.  Moreover, in light of D.G.’s response that the statement in the police report was not true and because similar testimony came in without objection elsewhere in the record, any error surrounding the use of this report was harmless.  
See Gee
, 765 S.W.2d at 396.

With regard to accomplice A.L.’s testimony, A.M. contends that, in order to conclude that A.M. was involved in shooting BBs at the BMW, the trial court necessarily and improperly considered a hearsay statement made by A.L. and read by the State.  Specifically, A.M. contends that A.L.’s statement does not fall within any hearsay exception because she could not “say who made what statements or who ratified the statements made or even who was at the window on the night of December 16, 2001.”  A.M.’s hearsay objection at trial, however, was not timely.

A.M. initially objected to the admission of A.L.’s prior statement based on lack of a proper foundation, the statement’s references to extraneous offenses, and the voluntariness of the statement.  These objections were initially sustained until the State asked additional questions and argued for admission of the document as a recorded recollection.  When the State offered the document into evidence a second time, A.M. objected that the document still contained extraneous offenses, that the State had to establish that A.L. had insufficient recollection, that the State would have to show when the document was written, and that the court had to determine the trustworthiness of the document.  Following a voir dire examination by A.M., the parties agreed on the portion of A.L.’s statement that should be read into the record.  Only after cross-examination ended and the trial court asked whether A.L. could be excused did A.M. assert a hearsay objection.  A.M.’s untimely hearsay objection did not preserve A.M.’s hearsay complaint.  
See Celotex Corp. v. Tate
, 797 S.W.2d 197, 201 (Tex. App.—Corpus Christi 1990, writ dism’d by agr.) (stating party must object at time evidence is offered to preserve complaint on appeal).

Also in connection with his first and third points, A.M. complains that the testimony of the burglary victim’s son, J.M., was not trustworthy.
(footnote: 4)  A.M.’s arguments that J.M.’s testimony did not meet the 
Rischer
 trustworthy requirement
 for a codefendant are not persuasive considering that J.M. was not an accomplice but instead was a victim of the February 14, 2002 offense committed by A.M.  
See Rischer v. State
, 85 S.W.3d 839, 841-42 (Tex. App.—Waco 2002, no pet.).  Moreover, A.M. fails to point us to any trial objection to J.M.’s testimony that comports with this argument on appeal, and we have been unable to locate any such objection or adverse ruling in the record.  Therefore, no error was preserved for our review.  
See G.T. Mgmt., Inc.
, 106 S.W.3d at 885 (holding objection at trial not comporting with complaint on appeal presents nothing for appellate review).

After reviewing each of A.M.’s complaints with regard to these individuals who testified at trial, we hold that no error has been preserved for our review.  We overrule A.M.’s first and third points.

IV.  Sufficiency of Corroborating Evidence

In his second and fourth points, A.M. appears to contend that there was insufficient corroborating evidence tending to connect him to both the BB shooting spree and the burglary of a habitation in violation of Texas Code of Criminal Procedure article 38.14.  
Tex. Code Crim. Proc. Ann.
 art. 38.14 (Vernon 1979).  Specifically, A.M. argues that a neighbor of the burglary victim could not pick A.M. out of a photo spread or identify him at the revocation hearing and that J.R., an accomplice and friend of A.M., had the opportunity to place the Playstation in the armoire at A.M.’s house.  The State responds that article 38.14 is inapplicable to a juvenile proceeding and that there was sufficient corroboration to satisfy subsection 54.03(e) of the Family Code.  
Id.; 
Tex. Fam. Code Ann.
 § 54.03(e) (Vernon Supp. 2004).

The Family Code states that “[e]xcept as otherwise provided,” the rules of evidence and Chapter 38 of the Code of Criminal Procedure are generally applicable to juvenile cases.  
Tex. Fam. Code Ann.
 § 51.17(c).  Due to the enactment of Family Code section 54.03(e),
(footnote: 5) triggering the “[e]xcept as otherwise provided” clause, section 38.14 of the Code of Criminal Procedure is no longer applicable to juvenile proceedings.  
Id. 
§
 54.03(e).  However, because the accomplice witness language in section 54.03(e) is identical in substance to article 38.14 of the Code of Criminal Procedure, it is proper to look to the decisions of the Court of Criminal Appeals under article 38.14 as guidelines for the interpretation of section 54.03(e).  
In re C.M.G.
, 905 S.W.2d 56, 58 (Tex. App.—Austin 1995, no writ).

Under the accomplice-witness rule, it is not necessary for the nonaccomplice evidence to be sufficient in itself to establish the accused’s guilt beyond a reasonable doubt.  
Gill v. State
, 873 S.W.2d 45, 48 (Tex. Crim. App. 1994).  Nor is it required that the nonaccomplice evidence directly link the accused to the crime.  
Id.
; 
Reed v. State
, 744 S.W.2d 112, 126 (Tex. Crim. App. 1988).  “All that is required is that there be 
some
 non-accomplice evidence which 
tends
 to connect the accused to the commission of the offense alleged in the indictment.”  
Gill
, 873 S.W.2d at 48.  The phrase “tends to connect” has the ordinary dictionary definition, “to serve, contribute or conduce in some degree or way . . . to have a more or less direct bearing or effect.” 
Holladay v. State
, 709 S.W.2d 194, 198 (Tex. Crim. App. 1986).  The tends-to-connect standard does not present a high threshold.  
C.M.G.
, 905 S.W.2d at 58.  There is no precise rule as to the amount of evidence that is required to corroborate the testimony of an accomplice; each case must be judged on its own facts.  
Gill
, 873 S.W.2d at 48.

If we eliminate the accomplices’ testimony, we are still left with the neighbor’s testimony that he saw A.M. at the victim’s house with three other juveniles.  The neighbor identified A.M. in court and further testified that he saw A.M. carrying “a component of some kind” and that A.M. “was trying to conceal it somewhat under his shirt.”  The neighbor’s in-court identification of A.M. provided sufficient corroboration, even though he was previously unable to identify A.M. at other times, because it tended to connect A.M. to the offense.  
See C.M.G.
, 905 S.W.2d at 59 (stating even if identification were not positive, it need not be positive to provide sufficient corroboration). Additionally, the recovery of the stolen Playstation, which was found at A.M.’s house within two or three hours of the burglary, tends to connect A.M. to the crime. 
See Herron v. State
, 86 S.W.3d 621, 633 (Tex. Crim. App. 2002) (holding possession of stolen property tends to connect appellant to crime). Furthermore, evidence that A.M. essentially asked the burglary victim’s son, J.M., to not appear as a witness at trial, while not sufficient by itself to establish guilt, tends to connect A.M. to the crime by showing consciousness of guilt.  
See Cathey v. State, 
992 S.W.2d 460, 462 (Tex. Crim. App. 1999) (stating corroborating evidence need not be sufficient by itself to establish guilt), 
cert. denied
, 528 U.S. 1082 (2000).

We hold that the accomplices’ testimony was sufficiently corroborated with nonaccomplice evidence that met the tends-to-connect standard.  
See C.M.G.
, 905 S.W.2d at 59 (holding nonaccomplice testimony sufficiently corroborated accomplice’s testimony that C.M.G. committed the offense)
.  We overrule A.M.’s second and fourth points.

V.  Conclusion

Having overruled each of A.M.’s four points, we affirm the trial court’s judgment.

SUE WALKER

JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and WALKER, JJ.

DELIVERED:  February 19, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
A Playstation stolen from the Moncrief home was found in an armoire at A.M.’s house.

3:
A.M.’s exact arguments are unclear, partially because the record references in his brief do not point us to specific pages, but only to groups of ten or more pages.

4:
A.M.’s arguments appear to implicitly contend that J.M. was biased. However, the alleged error in admitting this testimony, whether couched in terms of trustworthiness or bias, was not preserved with a specific, timely objection.  
See Martinez v. State
, 98 S.W.3d 189,193 (Tex. Crim. App. 2003)
.

5:
Section 54.03(e) of the Family Code requires corroboration of accomplice testimony in juvenile delinquency proceedings:

An adjudication of delinquent conduct or conduct indicating a need for supervision cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the child with the alleged delinquent conduct or conduct indicating a need for supervision; and the corroboration is not sufficient if it merely shows the commission of the alleged conduct.

Tex. Fam. Code Ann
. § 54.03(e).