Affirmed and Memorandum Opinion filed November 13, 2008








Affirmed and Memorandum Opinion filed November 13, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00470-CV

____________

 

IN THE MATTER OF Q.D.M.T.

 



 

On Appeal from the County
Court at Law No. 2

Fort Bend County, Texas

Trial Court Cause No. 13064

 



 

M E M O R A N D U M   O P I N I O N

Appellant Q.D.M.T. appeals from a jury=s determination
that he engaged in delinquent conduct by committing the felony offenses of
aggravated sexual assault by penetration, aggravated sexual assault by contact,
and indecency with a child by exposure.  The trial court committed appellant to
the Texas Youth Commission for an indeterminate period not to exceed his
twenty-first birthday.  In his sole issue, appellant contends that the evidence
at trial was factually insufficient to support the jury=s Atrue@ finding on each
of the charged offenses.  We affirm.








I.  Preservation of Error

As a threshold matter, we must address whether appellant
properly preserved his sole issue.  The Texas Rules of Civil Procedure govern a
juvenile proceeding except when in conflict with a provision of Title 3 of the
family code.  Tex. Fam. Code Ann.
' 51.17(a) (Vernon
Supp. 2008).  Texas Rule of Civil Procedure 324(b)(2) requires an appellant to
file a motion for new trial before challenging on appeal the factual
sufficiency of the evidence to support a jury finding.  Tex. R. Civ. P. 324(b)(2).  Juveniles must comply with that
rule before bringing a factual sufficiency issue on appeal from a jury trial.  In
re M.R., 858 S.W.2d 365, 366 (Tex. 1993); In re A.E.B., 255 S.W.3d
338, 345 (Tex. App.CDallas 2008, no pet.);  In re D.T.C.,
30 S.W.3d 43, 51 (Tex. App.CHouston [14th Dist.] 2000, no pet.). 
Appellant failed to file a motion for new trial, and thus he has not preserved
his factual sufficiency issue for review.  However, under the circumstances of
this case, we will address appellant=s sole issue in
the interest of justice.  See In re O.G.J., No. 03-05-00806-CV, 2006 WL
3754782, at *3 (Tex. App.CAustin Dec. 20, 2006, no pet.) (mem. op.,
not designated for publication) (addressing factual sufficiency despite failure
to file a motion for new trial due to conflict among courts of appeals as to
whether one is required).

II.  Facts

Appellant (then fourteen years old) attended a party for
complainant=s brother at complainant=s house.  After
appellant left the house the next day, complainant (then eight years old) told
his mother that appellant had tried to put Ahis pee-pee into
my butt.@  At the mother=s request, he
repeated the allegation to his stepfather and then described the events leading
up to the incident: he and appellant went into a bedroom of complainant=s home to play a
video game; the door was shut and locked; appellant pulled complainant=s pants down, told
him to be quiet, and put lotion on Athe middle of
[his] butt.@  Complainant=s mother called
the police, who prompted her to ask complainant if appellant=s acts caused
pain.  Complainant responded that it Ahurt very bad.@








A few hours after the police arrived, complainant was taken
to the hospital.  He told Nurse Sandra Martin he was there because Ahe put his pee-pee
in my butt.@  Nurse Martin=s examination
found a tear on complainant=s anus consistent with anal penetration. 
She testified that the coloration and lack of healing suggested that the tear
was fresh.  While her initial examination did not reveal whether the
penetration had occurred from the outside-in or from the inside-out via a hard
stool, her subsequent investigation ruled out the latter as a potential cause
of the tear.  Nurse Wendy Salinas Frazier reviewed the medical records and
testified for the defense regarding potential non-penetrative causes of
complainant=s anal tear, including the possibility of rough toilet
paper use before the exam.  According to Nurse Salinas, the tear was not fresh
because no bleeding was present in the pictures of complainant=s anus, and the
notation Agood sphincter tone@ in the records
indicated the absence of rectal intercourse.

The day after the incident, complainant met with forensic
interviewer Mary Ann Reinke and identified a Apee-pee@ as a penis and a Abutt@ as the buttocks
on an anatomical diagram.  Complainant told Reinke he lived in a trailer (which
was not true) and did not know why he was at the interview.  Based on
complainant=s negative responses when asked if anything went into
his Abutt@ or went in Awhere the poop
comes from,@ Reinke believed that appellant=s penis never
penetrated complainant=s anus.

In a voluntary, non-custodial recorded statement to
Detective Jeff Martin four days after the incident, appellant first denied
involvement but then admitted that his penis made contact with and penetrated
complainant=s anus.  Detective Martin testified that appellant=s statement
necessarily indicated that appellant had exposed his penis to complainant.








At trial, complainant testified that appellant was Abeing nasty@ on one occasion
while visiting complainant=s house.  Upon further examination, he
stated that on that occasion he and appellant were on complainant=s brother=s bed playing a
video game when appellant pulled complainant=s pants down,
pulled his own pants down, put lotion on his Apee-pee,@ put his Apee-pee@ in complainant=s Abutt@ four times, and
told him to be quiet.  Complainant explained that a Apee-pee@ is what you Ago potty@ with, a Abutt@ is what he was
sitting on, and that it hurt when appellant put his Apee-pee@ in his Abutt.@  Complainant
testified that he told his mother about the incident.  The jury found the
charges true, and appellant now contends that the evidence was factually
insufficient to support the jury=s verdict.

III.  Analysis

In juvenile cases,
a reviewing court applies the criminal sufficiency standards of review.  See
In re G.A.T., 16 S.W.3d 818, 828B29 (Tex. App.CHouston [14th
Dist.] 2000, pet. denied).  When conducting a factual sufficiency review, we
view all of the evidence in a neutral light.  Cain v. State, 958 S.W.2d
404, 407B08 (Tex. Crim.
App. 1997) (en banc).  We must also discuss the evidence that, according to the
appellant, most undermines the jury=s verdict.  See
Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).  We will set the
verdict aside only if (1) the evidence is so weak that the verdict is clearly
wrong and manifestly unjust or (2) considering conflicting evidence, the
verdict is against the great weight and preponderance of the evidence.  Johnson
v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  We cannot set the
verdict aside under the first prong of Johnson simply because, on the
quantum of the evidence admitted, we would have voted for acquittal had we been
on the jury.  Watson v. State, 204 S.W.3d 404, 417 (Tex. Crim. App.
2006).  To set aside the verdict under the second prong of Johnson, we
must be able to say, with some objective basis in the record, that it is
contradicted by the great weight and preponderance of the evidence.  Id. 
In our review, we do not re-evaluate the credibility of witnesses or reweigh
the evidence, and we will not substitute our judgment for that of the
factfinder.  Johnson v. State, 967 S.W.2d 410, 412 (Tex. Crim. App.
1998).








To commit the
offenses of aggravated sexual assault by contact and penetration as charged in
this case, the appellant must have intentionally or knowingly caused
complainant=s anus to contact appellant=s sexual organ and
intentionally or knowingly caused the penetration of complainant=s anus by
appellant=s sexual organ, respectively.  Tex. Penal Code Ann. ' 22.021(a)(1)(B)
(Vernon Supp. 2008).  To commit the charged offense of indecency with a child
by exposure, appellant must have exposed any part of his genitals, knowing
complainant was present, with intent to arouse or gratify the sexual desire of
any person.  Id. ' 21.011(a)(2)(A) (Vernon 2003).  The crime
of indecency by exposure does not require complainant to have actually seen
appellant=s genitals, but only that appellant exposed his
genitals knowing complainant was present.  Breckenridge v. State, 40
S.W.3d 118, 124 (Tex. App.CSan Antonio 2000, pet. ref=d).

The jury=s Atrue@ findings were
supported by (1) complainant=s outcry statement to his mother, (2)
complainant=s testimony at trial describing the incident and
stating that appellant put his Apee-pee@ in complainant=s Abutt,@ (3) his statement
to Nurse Martin and her findings that complainant had a fresh anal tear
consistent with penetration, and (4) appellant=s admitting to
penetrating complainant=s anus with his penis.  A child=s outcry statement
alone is sufficient to support a guilty verdict on aggravated sexual assault
and indecency with a child charges.  See
Tex. Code Crim. Proc. Ann.
art. 38.072 (Vernon 2005); Rodriguez v. State, 819 S.W.2d 871, 873 (Tex.
Crim. App. 1991); Diaz v. State, 125 S.W.3d 739, 743B44 (Tex. App.CHouston [1st
Dist.] 2003, pet. ref=d).  Additionally, a child sexual abuse
victim=s uncorroborated
testimony is independently sufficient to support convictions for the offenses
charged here, provided, of course, that it is probative and reliable.  See Tex. Code Crim. Proc. Ann. art. 38.07
(Vernon 2005); Garcia v. State, 563 S.W.2d 925, 928 (Tex. Crim. App.
1978);  Ketchum v. State, 199 S.W.3d 581, 590 (Tex. App.CCorpus Christi
2006, pet. ref=d).

Appellant
challenges the factual sufficiency of this evidence on several bases.  He claims
that complainant=s testimony was occasionally vague,
unresponsive, and repetitive, but the law does not require complainant to
precisely describe the incident or express himself at the same level of
sophistication as an adult.  Ketchum, 199 S.W.3d at 590.  Given the
evidence of what complainant meant by the terms Apee-pee@ and Abutt,@ his description
of appellant=s acts was sufficiently precise to support a
conviction for the charged offenses.  See Gallegos v. State, 918 S.W.2d
50, 54 (Tex. App.CCorpus Christi 1996, pet. ref=d).








As contradictory
evidence affecting the reliability of complainant as a witness, appellant
points to forensic examiner Reinke=s testimony that
she did not believe anal penetration occurred based on complainant=s interview
responses.  Appellant also points to complainant=s erroneous claim
to live in a trailer and statement that he did not know why he was at the
interview site as evidence weakening complainant=s reliability. 
However, appellant=s argument goes to the credibility of
complainant as a witness, which is a matter for the jury to decide.  Navarro
v. State, 241 S.W.3d 77, 81 (Tex. App.CHouston [1st
Dist.] 2007, pet. ref=d).  The jury is the sole judge of the
weight and credibility accorded any witness=s testimony.  Cain,
958 S.W.2d at 407 n.4.  The jury can accept or reject any or all of a witness=s testimony.  Hughes
v. State, 897 S.W.2d 285, 289 (Tex. Crim. App. 1994).  Because we must
defer to the fact-finder=s implicit finding that complainant=s trial testimony
was credible, see Johnson, 23 S.W.3d at 12, the contradictory evidence
above does not render the evidence of appellant=s delinquency
factually insufficient to support the jury=s verdict.

Appellant also
claims Nurse Martin=s testimony was unhelpful because she
found no semen and only testified to a small anal tear.  Appellant points to
Nurse Salinas=s contradictory testimony that complainant=s good sphincter
tone was not consistent with rectal stimulation or intercourse and that the
anal tear did not appear fresh and could have resulted from non-penetrative
causes.  However, her testimony regarding the tear=s freshness went
only to a lack of blood in the photographs and did not address Nurse Martin=s bases for
determining the tear=s freshness.  Thus, the expert testimony
here conflicts.  The jury indicated by its verdict that it gave greater weight
and credibility to Nurse Martin=s account, and we will not substitute our
judgment for theirs in that regard.  See Johnson, 967 S.W.2d at 412; Cain,
958 S.W.2d at 408B09; see also Sanders v. State, 771
S.W.2d 645, 649 (Tex. App.CEl Paso 1989, pet. ref=d) (jury is sole
judge of weight and credibility to be given conflicting expert testimony).








Finally, Nurse
Salinas=s testimony and
Reinke=s belief (based on
her interview of complainant) that no penetration occurred were contradicted by
appellant=s admission to penetrating complainant=s anus with his
penis.  While appellant challenges the statement as Aunreliable@ because appellant
made the inculpatory statements after Detective Martin expressed his doubt in
appellant=s denial of involvement, the record shows that the
trial court found the statement to be voluntary and noncustodial, Detective
Martin=s questioning was
permissible, and appellant was allowed to cross-examine Detective Martin on
these issues at trial.  See In re R.J.H., 79 S.W.3d 1, 8 (Tex. 2002). 
Furthermore, the jury viewed appellant=s video taped
statement and listened to the cross-examination on these issues, and we defer
to their implicit determination against appellant with regard to the weight and
credibility of that evidence.  See Johnson, 23 S.W.3d at 11; Cain,
958 S.W.2d at 407.

Having reviewed
all the evidence, we cannot conclude that it is so weak that the jury=s verdict is
manifestly unjust or clearly wrong.  Similarly, the conflicting evidence
presented by appellant provides no objective basis in the record to support his
assertion that the jury=s verdict is contradicted by the great
weight and preponderance of the evidence.  Therefore, we overrule appellant=s sole issue and
affirm the judgment of the trial court.

 

 

/s/      Leslie B. Yates

Justice

 

 

 

Judgment rendered
and Memorandum Opinion filed November 13, 2008.

Panel consists of
Justices Yates, Anderson, and Brown.