868 S.W.2d 938 (1994)
In The Matter of A.B.
No. 2-93-089-CV.
Court of Appeals of Texas, Fort Worth.
January 19, 1994.
*939 Michael Berger, Fort Worth, for appellant.
Tim Curry, Dist. Atty., Betty Marshall and Charles M. Mallin, Asst. Chiefs, David M. Curl and Chrys Meador, Assts., Fort Worth, for appellee.
Before HILL, C.J., and FARRIS and WEAVER, JJ.

OPINION
FARRIS, Justice.
The juvenile court found A.B. had engaged in delinquent conduct by committing the offense of attempted robbery, see Tex.Penal Code Ann. § 15.01 (Vernon Supp.1994), § 29.02 (Vernon 1989) and TEX.FAM.CODE ANN. § 51.03 (Vernon Supp.1994), and granted him probation, not to exceed one year. A.B. appeals complaining: the State failed to identify him as the person who struck Bushell and failed to prove he attempted theft while striking Bushell, the victim, with his hands; "attempted robbery" is not an offense; and the elements of robbery were not pled. Because the evidence is sufficient to prove A.B. was a party to the offense; because any variance between the pleading and the proof was not substantial, misleading, or prejudicial to A.B.'s defense; because defendants have been convicted of "attempted robbery" in the State of Texas; and because the constituent elements of the intended offense need not be alleged, we overrule A.B.'s points of error and affirm the judgment.
In one proceeding, the trial court determined the delinquency of nine juveniles, including *940 A.B. The State alleged A.B. was one of nine boys who attacked and attempted to rob Colby Bushell, a pizza delivery man.
The evidence showed Bushell had just delivered a pizza at an apartment complex when a group of boys attacked him. They threw rocks at him and two or three of them yelled, "[H]ey, pizza man, give us your money." Bushell ran to his car and hid his money. He did not drive away because the boys were closing in on him, and he was afraid the car would stall because it was old. Instead, he grabbed his unloaded BB gun and began knocking on apartment doors. The boys continued their pursuit, throwing rocks and yelling, "Give us your money" and that they were going to get him.
Eventually, the boys cornered Bushell. Bushell tried to scare them off with his BB gun. When this did not work, he turned to flee but he was struck from behind. Bushell suffered additional blows before he was able to break away and find help from an apartment resident, Ricky Anderson. With Anderson's aid, Bushell called the police and within minutes they apprehended nine boys, the respondents in this proceeding. Bushell identified each of the boys and they were arrested. A.B. was then charged with violating sections 15.01 and 29.02 of the Texas Penal Code.[1]
In its petition, the State alleged A.B.:
[I]ntentionally, with the specific intent to commit the offense of robbery, of Colby Bushell, do an act, to-wit: strike Colby Bushell with his hands while demanding his money, which amounted to more than mere preparation.... [Emphasis added.]
In his fifth and sixth points of error, A.B. claims he was charged with an offense that does not exist and the State failed to plead an offense for which he could be found delinquent because, by its very definition, attempted robbery would require a showing the accused attempted to fail at a crime, which is inconceivable. A.B.'s theory is incorrect because it is based on the notion the State had to plead and prove both the elements of robbery and the elements of criminal attempt.
Under the criminal attempt statute, the constituent elements of the intended offense need not be alleged. Boston v. State, 642 S.W.2d 799, 802 (Tex.Crim.App.1982). Further, the State's pleading obligations for the current case are set out in TEX.FAM.CODE ANN. § 53.04(d)(1) (Vernon 1986), and not in the Code of Criminal Procedure. Section 53.04(d)(1) provides, "The petition must state: (1) with reasonable particularity the time, place, and manner of the acts alleged and the penal law or standard of conduct allegedly violated by the acts[.]" Id. (emphasis added). This standard is less stringent than that applicable to criminal indictments. See M.A.V., Jr. v. Webb County Court at Law, 842 S.W.2d 739, 745 (Tex.App.San Antonio 1992, writ denied). A petition in a juvenile delinquency proceeding only has to give the juvenile notice of the offense charged. Id.
After reviewing the law, we hold the State was obliged to plead the elements of an attempt offense, which are:
(1) a person;
(2) with specific intent to commit an offense;
(3) does an act amounting to more than mere preparation;
(4) that tends but fails to effect the commission of the offense intended.
Torres v. State, 618 S.W.2d 549, 550 (Tex. Crim.App. [Panel Op.] 1981). The State pled the following:
(1) Appellant (or a co-party);
(2) with the specific intent to commit robbery;
(3) did an act, to-wit: strike Colby Bushell with his hands while demanding his money;

*941 (4) which act tended but failed to effect commission of the offense of robbery.
Because the State pled the elements of attempted robbery, A.B. was adequately apprised of the offense charged and it fulfilled its pleading obligation. Further, we note there have been convictions for attempted robbery in this state. See, e.g., Van v. State, 525 S.W.2d 199 (Tex.Crim.App.1975) (per curiam table opinion); Hubert v. State, 652 S.W.2d 585 (Tex.App.Houston [1st Dist.] 1983, pet. ref'd). Points of error five and six are overruled.
A.B. argues his first four points of error en masse. From what we can discern in general, A.B. claims the State did not prove the offense it alleged. In particular, the State failed to identify him on the record as the person who struck Bushell and failed to prove he attempted theft while striking Bushell with his hands.
In reviewing the sufficiency of the evidence in a juvenile case, we consider the entire record to determine whether the evidence supporting the finding is either so weak or the evidence contrary to the finding is so overwhelming that it should be set aside and a new trial ordered. Matter of M.R., 846 S.W.2d 97, 101 (Tex.App.Fort Worth 1992), error denied per curiam, 858 S.W.2d 365 (Tex.1993). The question we decide is whether the evidence considered as a whole shows the State sustained its burden of proof beyond a reasonable doubt. See TEX.FAM. CODE ANN. § 54.03(f) (Vernon 1986).
Regarding A.B.'s complaint the trial court failed to identify him on the record, although the respondents were generally referred to by numbers instead of names, the record reveals the trial judge called each respondent by name and the bailiff ushered each of them to the defense table. In addition, when the trial judge called A.B.'s name, he responded and notified the court he contested the State's petition. This is sufficient evidence A.B. was present at and participated in the proceeding.
Next, A.B. contends that even if he was identified on the record, the State failed to prove he struck Bushell. Regardless of whether the State proved A.B. struck Bushell, his conviction may be sustained if the evidence shows he was a party to the offense. The State did not have to plead A.B. was guilty as a party because it concerns an evidentiary matter. See Matter of S.D.W., 811 S.W.2d 739, 748-49 (Tex.App.Houston [1st Dist.] 1991, no writ).
Under TEX.PENAL CODE ANN. § 7.02 (Vernon 1974), a defendant may be convicted as a party to an offense if, acting with the intent to promote or assist in the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. It must be shown that the accused knew he was assisting in the commission of the offense. Amaya v. State, 733 S.W.2d 168, 174 (Tex. Crim.App.1986). Participation in a criminal offense may be inferred from the circumstances. Beardsley v. State, 738 S.W.2d 681, 684 (Tex.Crim.App.1987).
Concerning A.B.'s participation as a party, the following evidence was adduced at trial. Bushell identified A.B. at trial and on two other occasions as one of the nine boys who attacked him.[2] Bushell claimed he was able to identify the boys when they were apprehended because he recognized their distinctive clothing and their faces.[3] In addition, Ricky Anderson testified he saw five of *942 the boys as they came up the stairs after Bushell. A short while later, he saw them again running up the street with four other boys. Further, Bushell and Anderson described the boys to the police. The police apprehended nine boys meeting those descriptions within minutes of the attack near the scene of the crime. This is sufficient proof A.B. was present during the offense. However, since presence alone is insufficient to support a judgment against A.B. as a party, see Thompson v. State, 697 S.W.2d 413, 417 (Tex.Crim.App.1985), we must determine whether there is sufficient evidence A.B. solicited, encouraged, directed, aided, or attempted to aid the others in committing the offense.
The evidence shows that all the boys attacked and yelled at Bushell. We hold this evidence is sufficient to establish A.B. was a party to the offense.
Finally, A.B. claims the State had to prove the beating and demand for money occurred simultaneously, and its failure to do so resulted in a fatal variance between the pleading and the proof. A.B. fails to support this narrow interpretation of the word while and this stringent burden of proof with any authority.
The Rules of Civil Procedure govern the current proceeding; therefore, to constitute a fatal variance between the pleadings and the proof, the divergence must be substantial, misleading, and prejudicial. See Winfield v. Renfro, 821 S.W.2d 640 (Tex. App.Houston [1st Dist.] 1991, writ denied), mandamus granted, 846 S.W.2d 920 (Tex. App.Houston [1st Dist.] 1993, orig. proceeding).
The State proved the boys yelled, "Hey, pizza man, give us your money," as they threw rocks at him. Bushell tried to get away and they continued to pursue him yelling, "Give us your money," they were going to get him, and they were going to kick his ass. Eventually, they cornered Bushell, and they hit him with their fists and a blunt object. Bushell told them he didn't have any money, and one of the boys said, "We don't want your money, we want you."
This evidence supports the State's pleading and fulfills the purpose of the "to-wit" language because it shows the boys did more than prepare to rob Bushell. They pursued and attacked him. Although one of the boys indicated they wanted Bushell and not his money, because Bushell had already informed them that he had no money, it did not negate the proof the boys had already developed the intent to rob Bushell when they struck him with their hands. Instead, all it does is raise the possibility that an additional intent developed: to punish Bushell for not having any money. We hold A.B. had sufficient notice of the offense charged and the issues he had to meet. Any variance in the alleged timing of the demands for money and the timing proved was not substantial because the demand and the assault occurred in a single criminal episode. Points of error one through four are overruled.
The judgment is affirmed.
NOTES
[1] Section 15.01 concerns the preparatory offense of criminal attempt and section 29.02 the property offense of robbery.
[2] In addition to identifying A.B. at trial, Bushell identified him when he was arrested and at the police station.
[3] Bushell stated that after he left his car he got a good look at the boys and counted the number of them as they pursued him yelling, "Give us your money" and throwing rocks. Bushell further relayed that he saw the same boys again when they assaulted him by the pool area, which was well lit, and this time he looked each one of them in the eye. Bushell also testified the boys wore baseball hats, jackets with team logos, and one wore jeans with green, yellow, and purple stripes. He then identified respondents one through nine as his assailants.