IN THE MATTER OF RWG

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-083-CV

IN THE MATTER OF R.W.G. 

------------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant R.W.G. appeals from the trial court’s finding that he engaged in delinquent conduct, indecent exposure, a misdemeanor offense.  The trial court placed Appellant on probation for two years and ordered him to attend sex offender counseling and not to have unsupervised contact with children under age twelve.  We order modification of the judgment to include Appellant’s thumbprint and affirm as modified.

At the adjudication hearing, Appellant stipulated to all the evidence against him.  On September 10, 2000, when Appellant was twelve years old, he and his male cousin, M.B., were swimming at the cousin’s house.  The cousin was five-and-one-half years old at the time.  After swimming, the two boys went into the house to change clothes.  When M.B.’s mother (Appellant’s aunt) came into the room she saw Appellant lying on the floor and M.B. was sitting on Appellant’s lap.  The aunt saw Appellant’s exposed genitals, and when she asked Appellant what was going on, he replied they were just playing around.  M.B. told her that Appellant had touched his “peepee.”

The juvenile court found that Appellant had engaged in delinquent conduct by committing the offense of indecent exposure.  At the disposition hearing, the court placed Appellant on probation for two years, in the custody of his mother.

Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion pursuant to 
Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396 (1967).  In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.  The Supreme Court of Texas has held that the 
Anders
 procedure applies to juvenile proceedings. 
 In re D.A.S.
, 973 S.W.2d 296, 299 (Tex. 1998) (orig. proceeding).  

Counsel’s brief and motion meet the requirements of 
Anders v. California
 by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.  This court provided Appellant and his mother the opportunity to file a pro se brief, but they have declined to do so.  Once Appellant’s court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders
, this court is obligated to undertake an independent examination of the record and to essentially re-brief the case for Appellant to see if there is any arguable ground that may be raised on Appellant’s behalf.  
Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

Appellant’s counsel does a commendable job of raising four arguable grounds on appeal:  (1) the absence of Appellant’s father from the court proceedings directly contravenes the purpose of the Family Code provision requiring his attendance; (2) the trial court lacked jurisdiction because a copy of the State’s petition was not attached to the citation; (3) the warnings given to Appellant during the adjudication hearing were deficient; and (4) Appellant’s thumbprint is not affixed to the judgment. 

Absence of Appellant’s Father

Appellant’s mother attended the adjudication and disposition hearings, but his father did not attend either hearing.
  Section 51.115 of the Texas Family Code requires all parents to attend the adjudication and disposition hearings.  
Tex. Fam. Code Ann. 
§ 51.115(a) (Vernon 2002).   The code also provides, however, that “[i]f a person required under this section fails to attend a hearing, the juvenile court may proceed with the hearing.”  
Id.
 § 51.115(c).  Appellant made no objection at either of the hearings that his father was not present.  Accordingly, the alleged arguable error was not preserved.  
See
 
Tex. R. App. P. 33.1
(a).  

Trial Court’s Jurisdiction
 

Our review of the record reveals no jurisdictional defects.  The juvenile court has jurisdiction over a child who is alleged to have engaged in delinquent conduct.  
Tex. Fam. Code Ann.
 § 51.04(a).  Appellant stipulated that he was twelve years old on the date of the offense and thirteen years old at the time of trial.  
See id.
 § 51.02(2)(A) (stating a “child” is a person who is between ten and seventeen years of age).  The petition alleging Appellant engaged in delinquent conduct is not defective.  
See id.
 § 53.04(d) (setting forth requirements of petition for adjudication).  Sufficient notice was provided to Appellant in the petition.  
See In re A.B.
, 868 S.W.2d 938, 940 (Tex. App.—Fort Worth 1994, no writ).

Counsel’s second arguable ground is that the trial court lacked jurisdiction because section 53.06(b) requires that a copy of the petition be attached to the citation.  
Tex. Fam. Code Ann.
 § 53.06(b).  Although the citation in the record does not have a copy of the petition
 attached to it, the citation directs Appellant to appear on a certain date “To answer the PETITION REGARDING CHILD ENGAGED IN DELINQUENT CONDUCT of the Criminal District Attorney’s office, Tarrant County, Texas, 
a copy of which is hereto attached
 . . . .” [Emphasis added.]  Additionally, the officer’s return on the citation recites that the officer delivered to Appellant the “PETITION REGARDING CHILD ENGAGED IN DELINQUENT CONDUCT 
a copy of which accompanies this citation
.”  [Emphasis added.]  Accordingly, we hold there was no error in the failure of the appellate record to have a copy of the petition attached to the citation. 

Deficient Warnings

Another arguable ground raised by Appellant is the failure of the trial court to warn Appellant at the beginning of the adjudication hearing
 of his privilege against self-incrimination.  
See id.
 § 54.03(b)(3).  Although the record of the adjudication hearing indicates that the trial court’s warnings to Appellant encompass five pages in the record, there is no specific mention of Appellant’s privilege against self-incrimination.  However, the family code provides that in order to preserve for appellate review the failure of the court to provide the child the required warning, error must be preserved in accordance with the rules of appellate procedure before the child agrees to a stipulation of evidence.  
Id. §
 54.03(i)
.
(footnote: 2)  At no time during either hearing did Appellant lodge an objection to the lack of the required warning.  Accordingly, the alleged arguable error was not preserved.  
See
 
Tex. R. App. P. 33.1(
a).

Absence of Thumbprint From Judgment

The record reveals that Appellant’s thumbprint was not affixed to the judgment of delinquency as required by section 54.04(j) of the family code.  
Tex. Fam. Code Ann.
 § 54.04(j)(1) (stating if court finds child engaged in delinquent conduct that included violation of a penal law of the grade of felony or jailable misdemeanor, the court “
shall require
 that the child’s thumbprint be affixed to the order”) (emphasis added). 
 The omission of the thumbprint, however, cannot be said to be the result of an error in judicial reasoning.  
Cf. Reserve Life Ins. Co. v. Kirkland
, 917 S.W.2d 836, 841 (Tex. App.—Houston [14
th
 Dist.] 1996, no writ) (op. on reh’g) (holding failure to attach exhibits to order was not “reversible error,” but was clerical error); 
see also State v. Ross
, 953 S.W.2d 748, 755 n.5 (Tex. Crim. App. 1997) (“The failure of a trial court to do something that is mandatory has been deemed a clerical error as opposed to an error of judicial reasoning.”).  Thus, we conclude that the error was clerical and can be corrected by a modified judgment. 
 
Because this court cannot supply the thumbprint required, we order the trial court to modify the judgment to include Appellant’s thumbprint.  
See
 
Tex. R. App. P.
 43.6 (stating appellate court has authority to enter any appropriate order that the law and nature of the case require). 

Ineffective Assistance of Counsel

There is no evidence in the record showing that Appellant received ineffective assistance of counsel.  
See
 
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984)
.

Conclusion

After independently reviewing the record and determining that no reversible error occurred, we grant appellate counsel’s motion to withdraw and order the trial court to enter a modified judgment to include Appellant’s thumbprint.  We affirm the judgment with the ordered modification.

PER CURIAM

PANEL F: HOLMAN, LIVINGSTON, and DAUPHINOT, JJ.

DELIVERED: March 27, 2003

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
Although the current version of section 54.03(i) states the attorney for the child must comply with rule 52(a) of the Texas Rules of Appellate Procedure, 
rule 52(a) was recodified in 1997 and is now rule 33.1(a).  
See
 
Tex. R. App. P. 52
(a), 707-708 S.W.2d (Tex. Cases) LXIV (1986, recodified 1997) (current version at 
Tex. R. App. P. 
33.1(a)).