COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-083-CV
 
IN THE MATTER OF R.W.G.
 
------------
FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
Appellant R.W.G. appeals from the trial
court's finding that he engaged in delinquent conduct, indecent exposure, a
misdemeanor offense. The trial court placed Appellant on probation for two years
and ordered him to attend sex offender counseling and not to have unsupervised
contact with children under age twelve. We order modification of the judgment to
include Appellant's thumbprint and affirm as modified.
At the adjudication hearing, Appellant
stipulated to all the evidence against him. On September 10, 2000, when
Appellant was twelve years old, he and his male cousin, M.B., were swimming at
the cousin's house. The cousin was five-and-one-half years old at the time.
After swimming, the two boys went into the house to change clothes. When M.B.'s
mother (Appellant's aunt) came into the room she saw Appellant lying on the
floor and M.B. was sitting on Appellant's lap. The aunt saw Appellant's exposed
genitals, and when she asked Appellant what was going on, he replied they were
just playing around. M.B. told her that Appellant had touched his "peepee."
The juvenile court found that Appellant
had engaged in delinquent conduct by committing the offense of indecent
exposure. At the disposition hearing, the court placed Appellant on probation
for two years, in the custody of his mother.
Appellant's court-appointed appellate
counsel has filed a motion to withdraw as counsel and a brief in support of that
motion pursuant to Anders v. California, 386 U.S. 738, 87 S. Ct. 1396
(1967). In the brief, counsel avers that, in his professional opinion, this
appeal is frivolous. The Supreme Court of Texas has held that the Anders
procedure applies to juvenile proceedings. In re D.A.S., 973 S.W.2d
296, 299 (Tex. 1998) (orig. proceeding).
Counsel's brief and motion meet the
requirements of Anders v. California by presenting a professional
evaluation of the record demonstrating why there are no arguable grounds for
relief. This court provided Appellant and his mother the opportunity to file a
pro se brief, but they have declined to do so. Once Appellant's court-appointed
counsel files a motion to withdraw on the ground that the appeal is frivolous
and fulfills the requirements of Anders, this court is obligated to
undertake an independent examination of the record and to essentially re-brief
the case for Appellant to see if there is any arguable ground that may be raised
on Appellant's behalf. Stafford v. State, 813 S.W.2d 503, 511 (Tex.
Crim. App. 1991).
Appellant's counsel does a commendable job
of raising four arguable grounds on appeal: (1) the absence of Appellant's
father from the court proceedings directly contravenes the purpose of the Family
Code provision requiring his attendance; (2) the trial court lacked jurisdiction
because a copy of the State's petition was not attached to the citation; (3) the
warnings given to Appellant during the adjudication hearing were deficient; and
(4) Appellant's thumbprint is not affixed to the judgment.
Absence of Appellant's
Father
Appellant's mother attended the
adjudication and disposition hearings, but his father did not attend either
hearing. Section 51.115 of the Texas Family Code requires all parents to attend
the adjudication and disposition hearings. Tex. Fam. Code Ann. § 51.115(a)
(Vernon 2002). The code also provides, however, that "[i]f a person
required under this section fails to attend a hearing, the juvenile court may
proceed with the hearing." Id. § 51.115(c). Appellant made no
objection at either of the hearings that his father was not present.
Accordingly, the alleged arguable error was not preserved. See Tex. R.
App. P. 33.1(a).
Trial Court's Jurisdiction
Our review of the record reveals no
jurisdictional defects. The juvenile court has jurisdiction over a child who is
alleged to have engaged in delinquent conduct. Tex. Fam. Code Ann. § 51.04(a).
Appellant stipulated that he was twelve years old on the date of the offense and
thirteen years old at the time of trial. See id. § 51.02(2)(A)
(stating a "child" is a person who is between ten and seventeen years
of age). The petition alleging Appellant engaged in delinquent conduct is not
defective. See id. § 53.04(d) (setting forth requirements of petition
for adjudication). Sufficient notice was provided to Appellant in the petition. See
In re A.B., 868 S.W.2d 938, 940 (Tex. App.--Fort Worth 1994, no writ).
Counsel's second arguable ground is that
the trial court lacked jurisdiction because section 53.06(b) requires that a
copy of the petition be attached to the citation. Tex. Fam. Code Ann. §
53.06(b). Although the citation in the record does not have a copy of the
petition attached to it, the citation directs Appellant to appear on a certain
date "To answer the PETITION REGARDING CHILD ENGAGED IN DELINQUENT CONDUCT
of the Criminal District Attorney's office, Tarrant County, Texas, a copy of
which is hereto attached . . . ." [Emphasis added.] Additionally, the
officer's return on the citation recites that the officer delivered to Appellant
the "PETITION REGARDING CHILD ENGAGED IN DELINQUENT CONDUCT a copy of
which accompanies this citation." [Emphasis added.] Accordingly, we
hold there was no error in the failure of the appellate record to have a copy of
the petition attached to the citation.
Deficient Warnings
Another arguable ground raised by
Appellant is the failure of the trial court to warn Appellant at the beginning
of the adjudication hearing of his privilege against self-incrimination. See
id. § 54.03(b)(3). Although the record of the adjudication hearing
indicates that the trial court's warnings to Appellant encompass five pages in
the record, there is no specific mention of Appellant's privilege against
self-incrimination. However, the family code provides that in order to preserve
for appellate review the failure of the court to provide the child the required
warning, error must be preserved in accordance with the rules of appellate
procedure before the child agrees to a stipulation of evidence. Id. §
54.03(i).(2) At no time during either hearing did
Appellant lodge an objection to the lack of the required warning. Accordingly,
the alleged arguable error was not preserved. See Tex. R. App. P.
33.1(a).
Absence of Thumbprint From
Judgment
The record reveals that Appellant's
thumbprint was not affixed to the judgment of delinquency as required by section
54.04(j) of the family code. Tex. Fam. Code Ann. § 54.04(j)(1) (stating if
court finds child engaged in delinquent conduct that included violation of a
penal law of the grade of felony or jailable misdemeanor, the court "shall
require that the child's thumbprint be affixed to the order")
(emphasis added). The omission of the thumbprint, however, cannot be said to be
the result of an error in judicial reasoning. Cf. Reserve Life Ins. Co. v.
Kirkland, 917 S.W.2d 836, 841 (Tex. App.--Houston [14th Dist.]
1996, no writ) (op. on reh'g) (holding failure to attach exhibits to order was
not "reversible error," but was clerical error); see also State v.
Ross, 953 S.W.2d 748, 755 n.5 (Tex. Crim. App. 1997) ("The failure of
a trial court to do something that is mandatory has been deemed a clerical error
as opposed to an error of judicial reasoning."). Thus, we conclude that the
error was clerical and can be corrected by a modified judgment. Because this
court cannot supply the thumbprint required, we order the trial court to modify
the judgment to include Appellant's thumbprint. See Tex. R. App. P.
43.6 (stating appellate court has authority to enter any appropriate order that
the law and nature of the case require).
Ineffective Assistance of
Counsel
There is no evidence in the record showing
that Appellant received ineffective assistance of counsel. See Strickland
v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984).
Conclusion
After independently reviewing the record
and determining that no reversible error occurred, we grant appellate counsel's
motion to withdraw and order the trial court to enter a modified judgment to
include Appellant's thumbprint. We affirm the judgment with the ordered
modification.
 
                                                                        PER
CURIAM
 
PANEL F: HOLMAN, LIVINGSTON, and
DAUPHINOT, JJ.
DELIVERED: March 27, 2003

1. See Tex. R. App. P. 47.4.
2. Although the current version of section 54.03(i) states
the attorney for the child must comply with rule 52(a) of the Texas Rules of
Appellate Procedure, rule 52(a) was recodified in 1997 and is now rule 33.1(a). See
Tex. R. App. P. 52(a), 707-708 S.W.2d (Tex. Cases) LXIV (1986, recodified 1997)
(current version at Tex. R. App. P. 33.1(a)).