157 S.W.3d 823 (2005)
In the Matter of J.B.M.
No. 2-03-299-CV.
Court of Appeals of Texas, Fort Worth.
February 3, 2005.
*824 Daniel W. Kossmann and Joseph F. Zellmer, Denton, for Appellant.
Bruce Issaacks, Criminal District Atty., Erin B. Healey-Gorman, John R. Moore and Greg Davis, Asst. District Attys., Denton, Matthew Paul, State Prosecuting Atty., Austin, for Appellee.
Before the court en banc.

OPINION
BOB McCOY, Justice.

I. INTRODUCTION
Appellant J.B.M., a juvenile, appeals from his adjudication of delinquency. In three points, J.B.M. complains that the evidence supporting the jury's finding was legally and factually insufficient to show he attempted to commit sexual assault, and that the trial court erred in overruling his motions to quash the State's pleading. We affirm.

II. FACTUAL AND PROCEDURAL BACKGROUND
On June 22, 2003, the alleged victim, eighteen-year-old R.S., lived in the Elizabeth Garden Apartments in Roanoke, Texas with her boyfriend and ten-month-old daughter. Around midnight on June 22nd, R.S. had gone outside to sit at a picnic table on the apartment grounds with her boyfriend and another couple. At one point, R.S. went back to her apartments and ran in to J.B.M., who she recognized as a fellow resident of the apartment. According to R.S., J.B.M. flirted with her and "acted like he was going to try to kiss me. He came to me a little bit, and I pulled away." R.S. then went back up to her apartment. After retrieving something from her apartment, R.S. returned to the picnic area without seeing J.B.M.
About 2:00 a.m. on June 23rd, after R.S. and her boyfriend had returned to their apartment, R.S. went outside to check the mail then went back out to the picnic area, where she again saw J.B.M. They talked for two or three minutes and R.S. asked J.B.M. for a cigarette; he stated that he had some in his apartment. She followed *825 him back to the apartment, intending only to get the cigarette and return to the picnic area. According to R.S., after they entered the apartment, J.B.M. told her that he liked her and started to try to kiss her. She testified that she pushed him away, but he kept trying to pull her back to him and kiss her. J.B.M. then pulled her to the floor and was on top of her. While R.S. was on the floor, J.B.M. had his legs wrapped around on top of her ankles, held her down with one arm, put his other arm underneath her shirt, and continued to kiss her face and neck. According to R.S., as she struggled, her legs started to spread open because of the way J.B.M. had his legs on hers. R.S. then asked J.B.M. if he was trying to rape her, and J.B.M. got very offended, denied that was what he was doing, but did not let her up. R.S. testified that she believed that he was trying to have sex with her. R.S. said she was being "loud enough for [J.B.M.] to get the point" that she wanted him to stop, but acknowledged that she did not yell or scream. The attack ended when J.B.M.'s next door neighbor knocked on the door and J.B.M., who appeared startled, jumped up from the floor. R.S. then ran for the door, and told the neighbor what had happened. The neighbor walked R.S. back to her apartment where she told her boyfriend, who called the police. On cross-examination, R.S. admitted that she told the police in her report that after she got off the floor and before she opened the door, J.B.M. kept pulling her back and saying "I wasn't trying to rape you" and "I was just playing around."
On July 22, 2003, the State filed its petition against J.B.M. alleging that he committed attempted sexual assault. J.B.M. pleaded not true, a jury found the allegation to be true, and the trial court ordered that J.B.M. be committed to the Texas Youth Commission for an indeterminate period not to exceed his 21st birthday. This appeal followed.

III. THE STATE'S PETITION
In his third point, J.B.M. complains that the State's petition should have been quashed because it failed to indicate how he was going to effect a sexual assault, and it did not allege the requisite mental state. Under the Texas Family Code, the petition must state "with reasonable particularity the time, place, and manner of the acts alleged and the penal law or standard of conduct allegedly violated by the acts." Tex. Fam.Code Ann. § 53.04(d)(1) (Vernon 2004). This standard is less stringent than the standard applicable to criminal indictments in that it requires only that the juvenile be given notice of the offense charged. In re A.B., 868 S.W.2d 938, 940 (Tex.App.-Fort Worth 1994, no writ). Furthermore, when a defendant is charged under the criminal attempt statute, the State is only required to plead the elements of an criminal attempt offense,[1] and need not allege the constituent elements of the underlying offense. Id. Here, the State's petition alleged the following:
That on or about the 22nd of June, 2003, in Denton County, Texas said [J.B.M.] did violate a penal law of this State, punishable by Imprisonment to-wit: Section 15.01 of the Texas Penal Code, in that the said child did then and there, with specific intent to commit the offense of Sexual Assault, of [R.S.], do an act, to-wit: holding [R.S.] down, kissing *826 [R.S.], spreading [R.S.'s] legs, and reaching under [R.S.'s] shirt, which amounted to more than mere preparation that tended but failed to effect the commission of the offense intended.
Because the State's petition tracks the language of the criminal attempt statute and states the offense allegedly attempted, J.B.M. received fair notice of the offense charged. Id. at 940-41. Accordingly, the trial court did not err in overruling J.B.M.'s motion to quash the petition. We overrule J.B.M.'s third point.

IV. LEGAL SUFFICIENCY
In his first point, J.B.M. complains that the evidence is legally insufficient to support the jury's finding that he engaged in delinquent conduct. Although the appeal of juvenile court orders are generally treated as civil cases, we apply the criminal legal sufficiency standard of review to adjudication proceedings in juvenile cases. See In re J.D.P., 85 S.W.3d 420, 422 (Tex.App.-Fort Worth 2002, no pet.). Under the legal sufficiency standard, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); Burden v. State, 55 S.W.3d 608, 612 (Tex.Crim.App.2001). This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. Jackson, 443 U.S. at 319, 99 S.Ct. at 2789. When performing a legal sufficiency review, we may not sit as a thirteenth juror, re-evaluating the weight and credibility of the evidence and, thus, substituting our judgment for that of the fact finder. Dewberry v. State, 4 S.W.3d 735, 740 (Tex.Crim.App.1999), cert. denied, 529 U.S. 1131, 120 S.Ct. 2008, 146 L.Ed.2d 958 (2000). Instead, as a reviewing court, we only ensure the jury reached a rational decision. Muniz v. State, 851 S.W.2d 238, 244 (Tex.Crim.App.), cert. denied, 510 U.S. 837, 114 S.Ct. 116, 126 L.Ed.2d 82 (1993); In re D.T.C., 30 S.W.3d 43, 50 (Tex.App.-Houston [14th Dist.] 2000, no pet.).
The State alleged that J.B.M. engaged in the delinquent conduct of attempted sexual assault. Under the criminal attempt statute of section 15.01(a) of the Texas Penal Code, the State was required to show that J.B.M., with specific intent to commit sexual assault, did an act amounting to more than mere preparation that attempts but fails to effect the commission of a sexual assault, which elements are found in section 22.011(a)(1) of the Texas Penal Code. Tex. Penal Code Ann. §§ 15.01(a), 22.011(a)(1) (Vernon 2004). See Mendez v. State, No. 05-03-01710-CR, 2004 WL 1738889, at * 3 (Tex.App.-Dallas Aug.4, 2004, no pet. h.) (not designated for publication). J.B.M. contends that the evidence at trial, specifically the testimony of the victim, shows only an assault and is legally insufficient to show his intent to commit a sexual assault.
In a case where the charge is attempted sexual assault, intent may be inferred from the accused's actions, words, and conduct. Lindsey v. State, 764 S.W.2d 376, 378 (Tex.App.-Texarkana 1989, no pet.). In the instant case, J.B.M. isolated R.S. in his apartment under the guise of retrieving a cigarette after R.S. earlier denied his physical advances. R.S. testified that J.B.M. kept pulling her to him, kissing and touching her, pulled her to the ground, restrained her, reached under her shirt, and caused her legs to spread. R.S. also testified that she thought J.B.M. was trying to have sex with her.
*827 It is not required that J.B.M. do every act short of completing the actual offense; the fact that the offense was not completed does not negate J.B.M.'s intent. See Lindsey, 764 S.W.2d at 379; Hackbarth v. State, 617 S.W.2d 944, 946 (Tex.Crim.App.1981); Moreno v. State, 872 S.W.2d 1, 3 (Tex. App.-Houston [1st Dist.] 1993, no pet.). Because it is within the province of the jury to resolve such conflicts, we find, viewing all the evidence in the light most favorable to the verdict, that any rational trier of fact could have found the essential elements of the offense of attempted sexual assault beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). Accordingly, we overrule J.B.M.'s first point.

V. FACTUAL SUFFICIENCY
In his second point, J.B.M. complains that the evidence is factually insufficient to support the jury's finding that he engaged in delinquent conduct.
In 1993, the Texas Supreme Court held that raising a factual sufficiency challenge in a motion for new trial is a prerequisite to raising a factual sufficiency challenge on appeal in a juvenile case, citing the Texas Family Code provision providing that the Rules of Civil Procedure would apply to juvenile proceedings except where there was a conflict within Title 3 of the Family Code. In re M.R., 858 S.W.2d 365, 366 (Tex.1993), cert. denied, 510 U.S. 1078, 114 S.Ct. 894, 127 L.Ed.2d 87 (1994). Since that ruling, the court of criminal appeals has acknowledged that a factual sufficiency review is appropriate in adult criminal cases. See Clewis v. State, 922 S.W.2d 126, 136 (Tex.Crim.App.1996). Further, from 2001 to date we have applied a criminal standard of review to legal and factual sufficiency challenges of juvenile adjudication hearings. See In re J.S., 35 S.W.3d 287, 291 (Tex.App.-Fort Worth 2001, no pet.) (legal sufficiency); In re A.C., 48 S.W.3d 899, 903 (Tex.App.-Fort Worth 2001, pet. denied) (factual sufficiency). Additionally, the Rules of Appellate Procedure, which govern motions for new trial in criminal cases, do not require a motion for new trial. See Tex.R.App. P. 21. As a result, since the supreme court's decision in In re M.R., there has developed a split in the courts of appeals as to whether a motion for new trial raising a factual sufficiency challenge is still required to challenge on appeal the factual sufficiency of the evidence in a juvenile adjudication hearing. See In re J.A.A., No. 10-03-012-CV, 2003 WL 23120184, at * 1 (Tex.App.-Waco Dec. 31, 2003, no pet.) (mem. op.) (indicating a motion for new trial raising a factual sufficiency challenge is required); In re E.U.M., 108 S.W.3d 368, 371-72 (Tex.App.-Beaumont 2003, no pet.) (determining a motion for new trial raising a factual sufficiency challenge is required); In re J.L.H., 58 S.W.3d 242, 245-46 (Tex.App.-El Paso 2001, no pet.) (concluding that a motion for new trial raising a factual sufficiency challenge is not required); In re D.T.C., 30 S.W.3d 43, 51 (Tex.App.-Houston [14th Dist.] 2000, no pet.) (indicating that a motion for new trial raising a factual sufficiency challenge is required).
We believe the precedent set forth by the Texas Supreme Court in In re M.R. is still controlling. See 858 S.W.2d at 366. In that decision, the court disapproved of the court of appeals' decision not requiring a motion for new trial as a prerequisite for a factual sufficiency review, noting that the Family Code provided that the Texas Rules of Civil Procedure were to govern and Rule 324 required a motion for new trial. Id. Further, in that opinion the supreme court instructed us that when in juvenile cases the Family Code specifically provides that the Rules of Civil Procedure *828 apply, caution should be used when relying on "adult criminal cases and criminal procedure rules." See id. Accordingly, we hold that as a prerequisite to raising a factual sufficiency challenge on appeal from a juvenile adjudication hearing, an appellant must first file a motion for new trial challenging the factual sufficiency of the evidence. See Tex.R. Civ. P. 324(b)(2); In re M.R., 858 S.W.2d at 366; In re J.A.A., No. 10-03-012-CV, 2003 WL 23120184, at * 1; In re E.U.M., 108 S.W.3d at 371-72; In re D.T.C., 30 S.W.3d at 51; but see In re J.L.H., 58 S.W.3d at 245-46. Because J.B.M. did not file a motion for new trial, nothing is presented for our review and his second point is overruled.

VI. CONCLUSION
Having overruled all of J.B.M.'s points, we affirm the trial court's judgment.
DAUPHINOT, J., filed a dissenting opinion in which LIVINGSTON and WALKER, JJ., join.
GARDNER, J., filed a concurring opinion.
ANNE GARDNER, Justice, concurring opinion.
I join in the majority opinion, including the holding that a complaint in a motion for new trial is still required to preserve error as to factual sufficiency of evidence on appeal in a juvenile adjudication proceeding. I agree we are bound by the decision of the Supreme Court of Texas in In re M.R., 858 S.W.2d 365, 366 (Tex.1993), cert. denied, 510 U.S. 1078, 114 S.Ct. 894, 127 L.Ed.2d 87 (1994). See Lubbock County, Texas v. Trammel's Lubbock Bail Bonds, 80 S.W.3d 580, 585 (Tex.2002) (explaining that, once the supreme court announces a proposition of law, the decision is considered binding precedent and it is not for a court of appeals to abrogate or modify such established precedent).
I write only to note my concern that continuing to hold juveniles to the technical preservation of error rule for appeal of factual sufficiency issues in civil cases, when no such requirement exists in adult criminal cases, ignores the reality of the metamorphosis of the juvenile system to one "barely distinguishable from our adult criminal system." In re J.L.H., 58 S.W.3d 242, 246 (Tex.App.-El Paso 2001, no pet.); see also In re D.A.S., 973 S.W.2d 296, 299 (Tex.1998) (recognizing consequences of adjudication of delinquency and loss of liberty by juvenile may be comparable to felony conviction); In re M.A.F., 966 S.W.2d 448, 450 (Tex.1998) (recognizing that juvenile cases are quasi-criminal in nature).
I believe the 1993 decision of the supreme court in In re M.R. remains viable despite subsequent developments in juvenile law. Certainly, by the adoption of the Juvenile Justice Code as Title 3 to the Texas Family Code in 1995, the legislature moved away from the traditional rehabilitation model for treatment toward accountability and punishment, responding to the growing social problem of more and younger juvenile offenders committing more numerous and serious crimes. See Act of May 31, 1995, 74th Leg., R.S., ch. 262, § 14, 1995 Tex. Gen. Laws 2517, 2524, 2646.[1] The legislature added and has continued to add an increasing number of provisions and exceptions for application of criminal standards and criminal rules. The Texas Rules of Evidence applicable to *829 criminal cases now apply in juvenile delinquency proceedings, as does chapter 38 of the Code of Criminal Procedure. Tex. Fam.Code Ann. § 51.17(c) (Vernon Supp.2004-05). Discovery is now conducted pursuant to the Code of Criminal Procedure and case decisions in criminal cases. Id. § 51.17(b).
A comprehensive section of the Juvenile Justice Code now even prescribes certain procedures comparable to those provided in the rules of appellate procedure applicable to adult criminal cases, for appeals in juvenile proceedings. Tex. Fam.Code Ann. § 56.01 (Vernon 2002). That section specifies that a juvenile has the right to appeal and the right to counsel on appeal as well as the right to appointment of an attorney for the appeal because of indigency. Id. § 56.01(c), (d). Similar to the procedure mandated for adults who appeal from plea-bargained convictions, a disposition in accordance with an agreement between the State and a juvenile who pleads or agrees to a stipulation of evidence precludes an appeal by the juvenile except as to matters raised by written motion filed before the plea proceeding or with permission of the trial court. Id. § 56.01(n). Upon entering an appealable order in a juvenile case, the trial court must advise the child and the child's parent or guardian ad litem of the child's rights to appeal and to counsel. Id. § 56.01(e). Significantly, if the child or the child's parent or guardian expresses a desire to appeal, the statute requires "the attorney who represented the child before the juvenile court" to file the notice of appeal and inform the court whether that attorney will handle the appeal. Id. § 56.01(f).
The difficulty is that, while moving toward treating juvenile adjudications of delinquency as adult criminal convictions and providing for criminal standards and procedure in certain instances, the legislature has nevertheless retained the statutory language requiring that juvenile proceedings shall be governed by the Texas Rules of Civil Procedure. Tex. Fam.Code Ann. § 51.17(c). As well, it has continued to specify that appeals in juvenile cases "shall be as in civil cases generally." Tex. Fam.Code Ann. § 56.01.
As our sister court recognized in In re J.L.H., because juvenile proceedings more closely resemble criminal than civil proceedings, most attorneys defending juveniles  and now charged with continuing to represent the child through the filing of a notice of appeal  possess greater knowledge of the criminal rules than civil procedure. Those attorneys, typically criminal defense lawyers, will also necessarily continue to represent the juveniles during the same period for filing a motion for new trial. Criminal defense lawyers are familiar with the rule of appellate procedure not requiring a motion for new trial in a criminal case to preserve error for factual insufficiency of evidence. See Tex.R.App. P. 21. But those lawyers are not likely to be on intimate terms with the civil rule providing just the opposite, requiring a challenge to factual sufficiency of the evidence to support a jury finding to be raised by motion for new trial, as evidenced by the number of appellate decisions finding waiver of factual sufficiency because no motion for new trial was filed pursuant to Rule 324(b)(2) of the Texas Rules of Civil Procedure. Tex.R. Civ. P. 324(b)(2).
The specific issue here is perplexing, as seen from the split in the courts of appeals on the issue as described by the majority. And it is merely one instance of the patchwork quilt that now comprises juvenile law, presenting lawyers and judges with the daunting task of searching through family code statutes, criminal substantive decisional law, criminal rules of evidence, civil trial rules, and civil appellate rules, as *830 well as both criminal and civil decisional law interpreting those diverse and scattered statutes, legal principles, and rules.
The supreme court could resolve the issue by abrogating its holding in In re M.R. in light of the evolution of juvenile law in recent years, although it appears that decision was based primarily on statutory interpretation of the family code requiring application of the civil rules in juvenile cases, and those provisions have not changed. Alternatively, the legislature could amend section 56.01 to provide that no motion for new trial is necessary to preserve error as to factual sufficiency of evidence in a jury case. That would be a simple answer to this issue. What we have now is a procedural trap.
We are holding juveniles to adult accountability subject in many cases to adult punishment, without fully providing for corresponding remedies and protections including adequate appellate review on the merits. Eliminating the technicality of requiring preservation of error for factual sufficiency of evidence in a motion for new trial would be a step toward reaching the stated goal of the Juvenile Justice Code with respect to appeals for juveniles of providing a "simple judicial procedure through which ... the parties are assured of a fair hearing and their constitutional and other legal rights recognized and enforced." Tex. Fam.Code Ann. § 51.01(6).
LEE ANN DAUPHINOT, Justice, dissenting opinion.
I dissent from the majority's holding that J.B.M. failed to preserve his factual sufficiency challenge. When confronted with this same issue, our sister court in El Paso provided the following explanation for holding that a juvenile does not need to challenge the factual sufficiency of the evidence supporting adjudication in a motion for new trial in order to later raise the issue on appeal:
Initially, we note that the State contends J.L.H. waived her factual sufficiency challenges by failing to file a motion for new trial. Indeed, the Texas Supreme Court held in 1993 that TEX. R. CIV. P. 324(b), requiring a motion for new trial be filed in order to complain of factual sufficiency on appeal, applies to juvenile proceedings.[1] Our sister court has recently confirmed that holding.[2] Nevertheless, for the reasons set out here, we conclude that the Supreme Court's pronouncement on the issue has since been superceded by developments in our current juvenile system.
At one time, the safeguards afforded adults in criminal proceedings did not apply to juvenile proceedings.[3] The juvenile system was originally created for treatment and rehabilitation of children, and focused on the best interest of the child. This distinguished the juvenile courts from adult criminal courts, which direct their efforts primarily toward punishment.[4] Because of this difference in purpose, juveniles were denied many rights, both procedural and substantive, that were routinely afforded adults.[5]
The juvenile system's philosophy of treatment and rehabilitation has metamorphosed, however, into one much focused *831 on punishment that is in many ways barely distinguishable from our adult criminal system. Three of the purposes expressed in the Juvenile Justice Code are to provide for the protection of the public and public safety, to promote the concept of punishment for criminal acts, and to protect the welfare of the community and to control the commission of unlawful acts by children.[6] The "grim reality" of today's juvenile system is a far cry from the days of its creation as a "system wherein juveniles were rehabilitated rather than incarcerated, protected rather than punished  the very antithesis of the adult criminal system."[7] We believe this change has eroded the original logic for denying juveniles the same procedural protections as adults.[8] We therefore recognize that the juvenile system is, in many ways, more closely related to criminal than civil proceedings and it follows that most advocates practicing in the juvenile system will possess greater expertise in criminal than civil procedure.
Moreover, we note that in 1993 when the Supreme Court found a motion for new trial must be filed to preserve factual sufficiency in a juvenile case, there was no general factual sufficiency review in adult criminal cases. Only in 1996, with Clewis v. State,[9] did the Court of Criminal Appeals acknowledge a right to factual sufficiency review of a conviction.
....
We think the time has come ... to acknowledge that juvenile law is much more criminal than civil in nature. In examining the drift of juvenile law from its civil roots to its criminal present, we conclude it makes no sense to require procedural hurdles of juveniles which adults need not meet in parallel circumstances. If anything, juveniles should be afforded more opportunity for appellate review of their claims, consistent with the stated purpose of the Juvenile Justice Code that it be construed:
to provide a simple judicial procedure through which the provisions of this title are executed and enforced and in which the parties are assured a fair hearing and their constitutional and other legal rights recognized and enforced.[10]
We therefore conclude that a juvenile need not file a motion for new trial raising factual sufficiency of the evidence in order to raise that issue on appeal.[11]
As the El Paso court points out, at the time M.R. was decided, we did not have factual sufficiency review in criminal cases. For the past eight years, however, we have.[12] Since the advent of Clewis, this court has held that the criminal law standard for factual sufficiency of the evidence applies to evidence supporting adjudication of a juvenile.[13] As both Texas Rule of *832 Appellate Procedure 21.2 and the Texas Court of Criminal Appeals make clear, no motion for new trial is necessary to preserve factual sufficiency issues in a criminal case.[14]
Additional support for applying rule 21.2 to juvenile cases can be found in In re M.A.F.[15] In M.A.F., which was decided five years after M.R., the Texas Supreme Court held that the predecessor of rule 21.3(f), former rule 30(b)(7), applies to evidence improperly received by a jury after it retires to deliberate at the adjudication stage of a juvenile trial.[16] That is, the Texas Supreme Court has, albeit in a different context, already held that the criminal rules regarding motions for new trial, not the civil rules, apply in juvenile cases.
Because I see no reason for this court to take inconsistent positions, because I agree with the rationale of the El Paso Court of Appeals, and because I believe that the Texas Supreme Court has indicated that the criminal rules regarding motions for new trial should apply in juvenile cases, I would hold that J.B.M.'s failure to file a motion for new trial complaining that the evidence was factually insufficient to support his adjudication did not forfeit his factual sufficiency complaint on appeal. I would therefore address the merits of his complaint. Because the majority refuses to do so, I respectfully dissent.
LIVINGSTON and WALKER, JJ., join.
NOTES
[1] The elements of criminal attempt are as follows: (1) a person; (2) with specific intent to commit an offense; (3) does an act amounting to more than mere preparation; (4) that tends but fails to effect the commission of the offense intended. Tex. Penal Code Ann. § 15.01(a) (Vernon 2004).
[1] See generally, Justice Ed Kinkeade, Appellate Juvenile Justice in Texas  It's a Crime! Or Should be, 51 BAYLOR L.REV. 17, 26-27 (1999). Judge Kinkeade, a former justice on the 5th Court of Appeals in Dallas, is now a United States District Judge for the Northern District of Texas.
[1] In re M.R., 858 S.W.2d 365, 366 (Tex.1993) [, cert. denied, 510 U.S. 1078, 114 S.Ct. 894, 127 L.Ed.2d 87 (1994)].
[2] In re D.T.C., 30 S.W.3d 43, 51 (Tex.App.-Houston [14th Dist.] 2000, no pet.).
[3] In re J.S.S., 20 S.W.3d 837, 841 (Tex.App.-El Paso 2000, pet. denied).
[4] Id.
[5] Id.; Hidalgo v. State, 983 S.W.2d 746, 751-52 (Tex.Crim.App.1999).
[6] Tex. Fam.Code Ann. § 51.01(1), (2)(A), and (4) (Vernon [2002]).
[7] Lanes v. State, 767 S.W.2d 789, 791 (Tex.Crim.App.1989).
[8] In re J.S.S., 20 S.W.3d at 842; Hidalgo, 983 S.W.2d at 751.
[9] 922 S.W.2d 126, 136 (Tex.Crim.App.1996).
[10] Tex. Fam.Code Ann. § 51.01(6).
[11] In re J.L.H., 58 S.W.3d 242, 245-46 (Tex.App.-El Paso 2001, no pet.).
[12] See Clewis, 922 S.W.2d at 136.
[13] In re J.D.P., 85 S.W.3d 420, 422 (Tex.App.-Fort Worth 2002, no pet.); In re B.P.H., 83 S.W.3d 400, 407 (Tex.App.-Fort Worth 2002, no pet.); In re A.P., 59 S.W.3d 387, 392 (Tex.App.-Fort Worth 2001, no pet.).
[14] Tex.R.App. P. 21.2 (providing that in criminal cases, motion for new trial is prerequisite to presenting point on appeal only when necessary to adduce evidence not in the record); Washington v. State, 127 S.W.3d 197, 203 (Tex.App.-Houston [1st Dist.] 2003, pet dism'd as untimely filed); see Moff v. State, 131 S.W.3d 485, 488-89 (Tex.Crim.App.2004) ("A defendant need not file a motion for directed verdict or a motion for new trial to preserve an appellate claim concerning the sufficiency of the evidence to prove his guilt. He need not object to the admission of evidence in the trial court to preserve this issue. He need not claim, in the trial court, that the method by which the State proved an element of the offense was deficient or defective. In short, a claim regarding sufficiency of the evidence need not be preserved for appellate review at the trial level, and it is not forfeited by the failure to do so.").
[15] 966 S.W.2d 448, 449-50 (Tex.1998).
[16] Id.; Tex.R.App. P. 30(b)(7), 707-708 S.W.2d (Tex. Cases) xlix (1986, amended 1997 and renumbered as 21.3(f)).