Opinion issued
February 5, 2009

 

 

 

 

 

 

 

 

 

 

 

 

 

 










 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-08-00431-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



IN THE MATTER OF C.J.

 

 



On Appeal from the 315th District Court

Harris County, Texas

Trial Court Cause No. 2007-09340J

 








 



O P I N I O N

           The State filed a petition
alleging that C.J., a juvenile, had engaged in delinquent conduct by striking
another boy with his hand.  C.J. pleaded not true to the allegation.  The trial
court found the allegation true, and it placed C.J. on probation, in the
custody of his mother, until his eighteenth birthday.  C.J. appeals, contending
that the evidence is legally and factually insufficient to support the
allegation.  We conclude that the evidence is legally and factually sufficient
to support the trial court’s findings and therefore affirm.

Background

The complainant, T.J., is
a student at Cullen Middle School. One afternoon, after classes were finished
for the day, T.J. headed toward a Metro bus stop.  As he walked past Foster Elementary School, someone approached him from behind and hit him in the back of the
head with a fist.  He turned around and saw C.J. standing in front of him.[1] 
C.J. continued to hit him, and T.J. also sustained injuries on the side of his
face and his ribs.  T.J. testified that he did not know C.J.’s name at the time
of the fight, but he learned his name at school the next day.  At trial, T.J.
identified C.J. as his attacker.

J. Jackson, an officer
with the Houston Independent School District Police stationed at Cullen,
testified that he responded to a disturbance outside Foster Elementary School.  When he arrived, he saw a large group of students gathered around two boys,
whom he identified as T.J. and C.J.  The group scattered, and Officer Jackson
saw T.J. stepping backward, away from C.J., who was swinging at T.J.  He saw
C.J. strike T.J. three times in the head, and T.J. did not fight back.  T.J.
ran toward the police car and said that he had been jumped.  Officer Jackson
put T.J. in the back of his police car for safety, and then called to C.J., who
he knew from his station at Cullen, to come to the car.  Instead, C.J. ran
away, and Officer Jackson and an arriving police officer circled the block,
stopped C.J., and placed him in custody.  Officer Jackson further testified
that during an interview, T.J. identified C.J. as the person who hit him.

C.J. testified at trial
that he was walking home from school when T.J., another boy, and that boy’s
aunt approached C.J. and his friends and wanted to fight them.  C.J. claimed
that T.J. tried to hit him, but he ducked and then hit T.J. in self-defense. 
He testified that after he hit T.J., he walked away and was already around the
corner by the time that the police officer arrived.

Discussion

          C.J. contends that the
evidence is legally and factually insufficient to support the trial court’s
finding of delinquency.  The rules of civil procedure govern juvenile
delinquency cases. Tex. Fam. Code Ann.
§ 51.17(a) (Vernon 1991); In re M.R., 858 S.W.2d 365, 365 (Tex. 1993), cert. denied, 510 U.S. 1078, 114 S. Ct. 894 (1994); In re S.D.W.,
811 S.W.2d 739, 749 (Tex. App.—Houston [1st Dist.] 1991, no pet.). 

Preservation

Rule 324(b) provides that
to preserve a factual insufficiency point of error, the party seeking relief
must file a motion for new trial complaining of the insufficiency. S.D.W.,
811 S.W.2d at 739; Tex. R. Civ. P.
324(b) (1998).  C.J. did not challenge the legal or factual sufficiency of the
evidence in his motion for new trial.  We hold that C.J. need not have raised
his factual sufficiency complaint in the trial court to preserve it for our
review. 

Whether or not a motion
for new trial is necessary to preserve factual sufficiency review is somewhat
contested.  Based on In re M.R., many courts have found that factual sufficiency
must be alleged in the motion for new trial to preserve the error.  M.R.,
858 S.W.2d at 366.  However, the Supreme Court decided M.R.  before the
advent of factual sufficiency review in criminal cases.  In Clewis v. State,
decided after M.R., the Court of Criminal Appeals held that a criminal
defendant has a right to factual sufficiency review of a conviction.  Clewis
v. State, 922 S.W.2d 126, 136 (Tex. Crim. App. 1996).  Thereafter, the
Court of Criminal Appeals further held that an appellate claim concerning the
sufficiency of the evidence did not need to be raised in a motion for directed
verdict or motion for new trial before it could be raised on appeal.  Moff
v. State, 131 S.W.3d 485, 488–89 (Tex. Crim. App. 2004).  Thus, our sister
court has determined that, because the juvenile justice system is more closely
related to the adult criminal justice system than the civil system, juveniles
should have the same right to appeal factual sufficiency now that the Court of
Criminal Appeals has granted that right to adults, despite the fact that
juvenile appeals are determined under civil law.  In re J.L.H., 58
S.W.3d 242, 245–46 (Tex. App.—El Paso 2001, no pet.).  We use the criminal
standard of review in juvenile cases, despite the fact that they are technically
civil cases.  See In re J.B.M., 157 S.W.3d 823, 826 (Tex. App.—Forth Worth 2005, no pet.) (holding that the criminal standard of review is
appropriate for a legal sufficiency challenge).  Recognizing the underlying
constitutional principals at play, the Texas Supreme Court has held that
juveniles don’t need to first raise in the trial court the complaint that the
trial court failed to give adequate admonishments because juvenile cases are
“quasi-criminal.”  In re C.O.S., 988 S.W.2d 760, 763 (Tex. 1999). 
Following Clewis and Moff, we hold that because of the
quasi-criminal nature of juvenile cases, a complaint about factual sufficiency
need not be presented in a motion for new trial in a juvenile adjudication of
delinquency to preserve it for appeal.  See Clewis, 922 S.W.2d at 136; Moff,
131 S.W.3d at 488–89.  Thus, we consider both the legal and factual sufficiency
of the evidence.

Legal Sufficiency

          Although the appeals of
juvenile cases are generally treated as civil cases, we use the criminal standard
of review for legal sufficiency.  J.B.M., 157 S.W.3d at 826.  When
evaluating the legal sufficiency of the evidence, we view the evidence in the
light most favorable to the verdict and determine whether any rational trier of
fact could have found the essential elements of the offense beyond a reasonable
doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789
(1979); Drichas v. State, 175 S.W.3d 795, 798 (Tex. Crim. App. 2005). 
The standard is the same for both direct and circumstantial evidence cases.  King
v. State, 895 S.W.2d 701, 703 (Tex. Crim. App. 1995).  We do not resolve
any conflict of fact, weigh any evidence, or evaluate the credibility of any
witnesses, as this was the function of the trier of fact.  See Dewberry v.
State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999); Adelman v. State,
828 S.W.2d 418, 421 (Tex. Crim. App. 1992); Matson v. State, 819 S.W.2d
839, 843 (Tex. Crim. App. 1991).  Here, C.J. challenges the trial court’s
failure to find that he acted in self-defense.     

A defendant has the
burden of producing some evidence to support a claim of self-defense.  Zuliani
v. State, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003).  Once the defendant
produces that evidence, the State bears the burden of persuasion to disprove
the raised defense beyond a reasonable doubt.  Id.  When reviewing the
legal sufficiency of the evidence concerning the fact-finder’s rejection of
self-defense, we examine whether any rational trier of fact could have found
against the defendant beyond a reasonable doubt.  Saxton v. State, 804
S.W.2d 910, 914 (Tex. Crim. App. 1991).

          Here, both T.J. and Officer
Jackson testified that C.J. had hit T.J. with his hand, intentionally and
knowingly causing bodily injury to T.J. consistent with the elements of
assault, and that T.J. did not provoke or further escalate the fight.  See
Tex. Penal Code Ann.
§ 22.01(a)(1) (Vernon 2007).  C.J. admitted to hitting T.J. at trial,
although he claimed it was in self-defense.  The trial court was free to
resolve the conflict of fact and weigh the credibility of the witnesses.  Dewberry,
4 S.W.3d at 740.  Viewing the evidence in the light most favorable to the
verdict, the trial court reasonably could have believed the testimony of T.J.
and Officer Jackson and discredited C.J.’s testimony.  Accordingly, we hold
that legally sufficient evidence exists to prove assault because a rational
trier of fact could have found against C.J. on the self-defense issue beyond a
reasonable doubt.

Factual Sufficiency

We evaluate the factual
sufficiency of the evidence under the criminal law standard.  J.L.H., 58
S.W.3d at 245–46.  When evaluating factual sufficiency, we consider all the
evidence in a neutral light to determine whether the trier of fact was
rationally justified in finding guilt beyond a reasonable doubt.  Watson v.
State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006).  We will set the verdict
aside only if (1) the evidence is so weak that the verdict is clearly wrong and
manifestly unjust or (2) the verdict is against the great weight and preponderance
of the evidence.  Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App.
2000).  Under the first prong of Johnson, we cannot conclude that a
verdict is “clearly wrong” or “manifestly unjust” simply because, on the
quantum of evidence admitted, we would have voted to acquit had we been on the
jury.  Watson, 204 S.W.3d at 417.  Under the second prong of Johnson,
we cannot declare that a conflict in the evidence justifies a new trial simply
because we disagree with the factfinder’s resolution of that conflict.  Id.  Before finding that evidence is factually insufficient to support a verdict
under the second prong of Johnson, we must be able to say, with some
objective basis in the record, that the great weight and preponderance of the evidence
contradicts the verdict.  Id.  We must also discuss the evidence that,
according to the appellant, most undermines the verdict.  See Sims v. State,
99 S.W.3d 600, 603 (Tex. Crim. App. 2003).  

          The only evidence presented
at trial was the testimony of T.J., Officer Jackson, and C.J.  C.J.’s testimony
that he acted in self-defense is the evidence that most undermines the guilty
verdict.  However, viewing all of the evidence in a neutral light, we cannot
say that the verdict was against the great weight and preponderance of the
evidence, clearly wrong, or manifestly unjust.  Even with C.J.’s testimony that
he acted in self-defense, T.J. and Officer Jackson’s testimony was factually
sufficient to support the trial court’s verdict.




Conclusion

We hold that C.J. need
not have challenged the factual sufficiency of the evidence in the trial court
to raise that challenge on appeal, and that legally and factually sufficient
evidence exists to support the finding of delinquency based on assault.  We
therefore affirm.

 

 

                                                          Jane Bland

                                                          Justice

 

Panel consists of Judges Taft, Bland,
and Sharp.

Publish.  Tex. R. App. P. 47.4

 









[1] T.J. testified that he had been warned earlier in the
day that someone from the Young Knockout Boys (YKB) gang was going to beat him
up.  According to the police officer’s testimony, C.J. is known around the
school to be a member of YKB.  The officer also testified that T.J. told him
that he had been jumped because he was trying to become a member of the YKB
gang.